DABNEY SMITH ET AL. V. THE STATE.

*No. 562.   Decided January 19th, 1895.*

**Appearance Recognizance—Sufficiency of.**

A recognizance for the appearance of a party to answer a criminal accusation against him, under provisions of Articles 304 [283], 308 [287], Code of Criminal Procedure, to be sufficient must show the relation of the parties to the obligation, that is, it must state who is principal and who are sureties in the undertaking.

APPEAL from the District Court of Wharton. Tried below before Hon. T. S. REESE.

This appeal is from a judgment final for $300 on a forfeited recognizance.

All that is necessary to be stated will be found in the opinion below.

*E. Hawes* and *R. M. Brown,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This appeal is from a judgment final on a forfeited recognizance. This recognizance is as follows, to-wit (after stat-

ing style and number of the cause): "Now, on this day, came into open court Dabney Smith, and Bat Smith, R. F. Armstrong, J. Phillips, Edwin Harris, R. M. Brown, and R. B. Houston, and entered into a recognizance in words and figures substantially as follows, to-wit: 'We acknowledge ourselves jointly and severally to owe and be indebted unto the State of Texas in the penal sum of three hundred dollars ($300.00), to be levied of our goods and chattels, lands and tenements, for the payment of which well and truly to be made we bind ourselves jointly and severally, our heirs, executors, and administrators, conditioned that the said Dabney Smith shall well and truly make his personal appearance before the honorable District Court held in and for the County of Wharton and State of Texas, at the court house thereof, in the town of Wharton, on the 6th day of May, 1893, then and there to answer the State of Texas on a charge of assault with intent to murder, and then and there to remain from day to day.' * * *" The appellants sought to quash the bond, and filed several exceptions to it; among others, that it failed to specify who were principals in the obligation, and who the sureties.

"A recognizance is an undertaking entered into before a court of record in session by the defendant in a criminal action and his sureties, by which they bind themselves, respectively, in a sum fixed by the court, that the defendant will appear for trial before such court upon the accusation preferred against him." Code Cr. Proc. Art. 283. It will be sufficient "(1) if it be acknowledged that the defendant is indebted to the State of Texas in such sum as is fixed by the court, and the sureties are in like manner indebted in such sum as is fixed by the court." Id. Art. 287, subd. 1. A recognizance is a statutory obligation, and its requisites are prescribed by the statute. In order to constitute it a legal obligation, it must be made in conformity with the law authorizing it to be entered into, at least in a substantial manner. Its very basic principle is that there must be at least one defendant, and there may be sureties, and the further plain provision is that this obligation must show the relation of the parties to the obligation they have undertaken, whether principal or surety. It must be stated who is principal and who are sureties. The court cannot supply such omissions by inference, presumption, or intendment. The recognizance must substantially comply with the law. Appeals in misdemeanor cases will be dismissed unless the recognizance substantially complies with the statute, and forfeitures cannot be enforced if the provisions of the statute are not complied with. The reports are filled with cases sustaining this proposition. The demurrer should have been sustained. Judgment reversed, and cause remanded.

*Reversed and Remanded.*