PEOPLE'S BUILDING, LOAN & SAVING ASSOCIATION V. MARIE COOK.

FILED JANUARY 8, 1902.   No. 10,949.

1. **Appeal:** UNDERTAKING: FILING: TIME. An appeal undertaking filed with a justice of the peace on the eleventh day after the rendition of a judgment, is not an effective proceeding.

2. ——: ——: ——: ——. A case removed to the district court from a judgment of a justice of the peace, is rightly dismissed if the appellant, by reason of his own laches, failed to file an appeal bond within the time limited by statute for that purpose.

3. **Lawyer:** JUSTICE OF PEACE: LEGAL CONCLUSION: ALMANAC. One learned in the law is not justified in relying absolutely on the legal conclusion of a justice of the peace touching the time when an appeal bond should be filed, and this rule holds even though the justice consults an almanac before stating his conclusion.

4. **Justice of the Peace:** OFFICE HOURS: UNDERTAKING: FILING OUT OF TIME. The bare fact that a justice of the peace was not at his office after 5 o'clock P. M. on the last day for filing an appeal bond, will not justify the district court in refusing to

dismiss an appeal on the ground that the undertaking was filed out of time.

5. **Justice Docket:** DECISION. Where the docket of a justice of the peace shows that the case was taken under advisement, the parties are bound to know that the decision must be rendered not later than the fourth day after the trial.

ERROR from the district court for Cass county. Heard below before RAMSEY, J. *Affirmed.*

*Robert B. Windham,* for plaintiff in error.

*D. O. Dwyer, contra.*

SULLIVAN, J.

This action, which was brought by Marie Cook against the People's Building, Loan & Saving Association before a justice of the peace to recover money claimed to be due upon a written contract, was tried without a jury and taken under advisement for four days. On January 16— that being the fourth day after the trial—the cause was decided and judgment entered against the defendant in the absence of his attorney. On January 27 an appeal undertaking was presented to the justice for approval and was approved. Soon afterwards a transcript of the proceedings was filed in the district court, where a motion by plaintiff to dismiss the appeal for want of jurisdiction was considered and sustained. This decision, which was grounded on the failure of defendant to file its appeal bond within the time limited by the statute (Code of Civil Procedure, sec. 1007), is claimed to be unsound, in view of the peculiar circumstances disclosed by the record. It is conceded that defendant did not execute the statutory undertaking within ten days from the rendition of the judgment, but it is insisted that the failure in that regard was due to the fault and misconduct of the justice, and therefore excusable. To sustain its contention that the appeal bond, although filed out of time, was an effective proceeding, the defendant presented to the district court two affidavits,

from which it appears that the justice of the peace at the conclusion of the trial stated that he desired further time to consider the questions for decision, and would take the case under advisement for a few days; that on January 16, about the middle of the forenoon, the justice, in answer to an inquiry of Mr. Windham, attorney for defendant, said that a decison had not yet been rendered and that further time for reflection was required; that the attorney inferred from the remarks of the justice on this occasion that the case would not be decided until the following day; that on January 17 Mr. Windham called at the office of the justice and was then informed that judgment had been rendered in favor of the plaintiff, and that an appeal bond would have to be given within ten days; that two or three days later the attorney and justice were speaking of the removal of the case to the district court by appeal, and the latter, after consulting the calendar, said that an appeal undertaking filed on or before January 27 would be in time; that the attorney obtained the appeal undertaking after 4 o'clock P. M. on January 26th, but, being unable to reach the justice by telephoning to his office, did not present it for approval until the following day. It also appears that the justice was at his office until 5 o'clock P. M. on January 26, but was not there after that hour. Upon these facts it seems quite clear that the failure of the defendant to execute the appeal undertaking within the time fixed by the statute was the result of its own laches, and was not, in a legal sense, chargeable in any degree to the fault or misconduct of the justice. The record of the proceedings was open to the parties and their attorneys, and if they were ignorant of the entries made by the justice in his docket, their ignorance was voluntary and inexcusable. The matters contained in the transcript can not be contradicted by extrinsic proof (*Worley v. Shong,* 35 Nebr., 311; *Sullivan v. Benedict,* 36 Nebr., 409), and consequently the recital that the case was taken under advisement until January 16 must be regarded as absolutely true. Had Mr. Windham taken the trouble to look at the docket entries, instead

of contenting himself with deductions from the remarks of the justice, he would have known exactly when the time for filing an appeal bond would expire. The statement of the justice that the bond would be in time if filed on January 27, was not the statement of a fact upon which counsel might safely rely; it was a mere conclusion based upon the calendar and the law; it was, of course, an honest conclusion, but it was an erroneous one. The justice had no authority to take the case under advisement for more than four days (Code of Civil Procedure, sec. 1002), and it must therefore have been understood by both parties at the conclusion of the trial that the decision would be given not later than January 16. The fact that the case was not decided on the morning of the 16th, and that further time for deliberation was needed, did not warrant the assumption that a decision would not be rendered on the afternoon of that day. The date of the judgment might have been easily ascertained by inquiring of the justice or by consulting his docket; but neither course was pursued, so remiss was counsel in regard to the matter. The absence of the justice from his office after 5 o'clock P. M. on January 26 does not excuse the failure of defendant to file its bond within ten days from the date of the judgment. The justice was not bound to be at his office after 5 o'clock, but the bond might have been presented to him and approved elsewhere. *McKinley v. Chapman*, 37 Nebr., 378.

The judgment is

AFFIRMED.