Zobel v. State.

LOUIS ZOBEL v. STATE OF NEBRASKA.

FILED OCTOBER 5, 1904.   No. 13,717.

1. **Criminal Law:** APPEAL. To render an appeal to the district court effective in a misdemeanor case, where conviction has been had in an inferior court, the defendant must enter into a recognizance, and with sureties, to be fixed and approved by the court or magistrate trying the case, as is provided by section 324 of the criminal code. A recognizance entered into by the defendant alone is insufficient to perfect a valid appeal.

ERROR to the district court for Adams county: ED L. ADAMS, JUDGE. *Affirmed.*

*W. P. McCreary* and, *W. M. Crow,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* contra.

HOLCOMB, C. J.

Upon conviction of the defendant in the county court of a misdemeanor, he gave notice of an appeal, and in open court entered into a personal recognizance in the minimum sum provided by statute, but without sureties, for his appearance at the district court on the first day of the next regular term thereof. The county attorney moved to dismiss the appeal because the recognizance entered into for an appeal was not such as is required by statute. The motion was sustained, the appeal dismissed, and the defendant prosecutes error from the order of dismissal.

The sole question for consideration and determination

is whether the recognizance taken is such as is required by statute in order to appeal after conviction in a misdemeanor case, and is sufficient to effectuate a valid appeal, and give to the district court jurisdiction to entertain the charge and try the defendant in that court on the complaint filed against him. No objection is urged to the form or sufficiency of the recognizance, save that it was only the personal obligation of the defendant without sureties, and therefore not in compliance with statutory requirements, nor sufficient to perfect the appeal sought to be taken from the judgment rendered against the defendant in the county court.

The provisions relating to appeals in misdemeanor cases are doubtless for the benefit and advantage of those convicted of offenses of a minor character and, in order to perfect a valid appeal as contemplated by statute, there must be a compliance in all substantial particulars with the conditions upon which the right of appeal may be exercised. 5 Cyc. pp. 92, 94, secs. *b* and *e*. Of course the recognizance is for the benefit of the state, and to enforce the appearance of the defendant in the appellate court to answer the charge preferred against him. The holdings of the courts and in this jurisdiction especially are to the effect that such provisions are mandatory, and a failure to follow them in any material respect forfeits one's right to an appeal which, otherwise, he is entitled to. Section 324 of the criminal code declares that the defendant shall have the right of appeal, which shall be taken immediately upon the rendition of the judgment in a misdemeanor case. It is therein provided that no appeal shall be granted unless the appellant shall within 24 hours after the rendition of such judgment enter into a recognizance to the people of the state of Nebraska in a sum not less than $100, and with sureties, to be fixed and approved by the magistrate before whom said proceedings were had, conditioned upon his appearance before the district court for the county at the next term thereof to answer the complaint against him. It is held by this court in *In re Newton*, 39 Neb. 757,

that in order to effectuate a valid appeal the defendant must within 24 hours enter into a recognizance as required by the section to which reference has been made; and in *Pill v. State,* 43 Neb. 23, it is ruled that the recognizance is invalid if the court where and before which the prisoner is to personally appear is not stated in the recognizance. In the case last cited, the substance of the decision is to the effect that the provisions of the statute are mandatory and must be complied with in all material respects, otherwise the recognizance is fatally defective and confers no jurisdiction upon the district court. To the same effect is *Kazda v. State,* 52 Neb. 499. It would seem from a reading of said section of the criminal code respecting appeals in misdemeanor cases, that the entering into a recognizance by the defendant, and with sureties, to be fixed and approved by the court is just as imperative as the provisions relating to the time the appeal must be taken, the time when the recognizance must be entered into, and the amount of the same. If one of the provisions may be departed from or ignored, then why not either of the others? If the sureties alone attempted to enter into a recognizance for defendant's appearance in the appellate court, it can hardly be doubted that the failure of the defendant to become a party thereto would invalidate the attempted appeal, and we cannot see any good reason, on the other hand, for disregarding the plain statutory provision as to sureties and holding that a recognizance is sufficient and in compliance with the statute when entered into by the defendant alone. Both provisions seem equally binding and mandatory, and a failure to comply with one would be as fatal as would be the failure to comply with the other. The case of *Smith v. State,* 35 Tex. Cr. App. 9, 29 S. W. 158, where it is held that a recognizance which fails to state which of the obligors is principal and which are sureties, as required by the criminal code of that state, is insufficient, is in principle analogous to the case at bar, and may be accepted as an authority in the disposition of the present case. It is there said:

"A recognizance is a statutory obligation, and its requisites are prescribed by the statute. In order to constitute it a legal obligation, it must be made in conformity with the law authorizing it to be entered into, at least in a substantial manner. Its very basic principle is that there must be at least one defendant, and there may be sureties, and the further plain provision is that this obligation must show the relation of the parties to the obligation they have undertaken, whether principal or surety. It must be stated who is principal and who are sureties. The court cannot supply such omissions by inference, presumption, or intendment. The recognizance must substantially comply with the law. Appeals in misdemeanor cases will be dismissed unless the recognizance substantially complies with the statute, and forfeitures cannot be enforced if the provisions of the statute are not complied with. The reports are filled with cases sustaining this proposition."

Our attention is called to section 388 of the criminal code which provides, in substance, that an action on any recognizance shall not be defeated by reason of any defect in the form of the recognizance, if it sufficiently appears from the tenor thereof at what court the party was bound to appear, and that the court or officer before whom it was taken was authorized by law to require and take such recognizance. It is argued that this section gives support to defendant's contention that the recognizance as taken in the case at bar is authorized, and sufficient to render the attempted appeal effective. We do not think this section has any material bearing on the question now under consideration. The defect here goes to the substance rather than to the form. The question is, has such a recognizance been entered into as the statute says must be given as a condition to the right of an appeal? May a defendant have more time or give a recognizance in a less amount than is provided by section 324, or give one without the sureties as therein provided? The answer, as has been indicated, must, we think, be in the negative.

We are also cited to some cases where recoveries have

been allowed on recognizances not in some respects in substantial compliance with statutes regulating the giving of the same, but in such cases elements of estoppel entered into the consideration of the questions decided, and these matters do not properly enter into the discussion or consideration of the question presented in the case at bar.

We are of the opinion that the recognizance entered into by the defendant was fatally defective, and that no error was committed by the district court in dismissing the appeal because thereof. The judgment of the district court should be, and therefore is,

AFFIRMED.