SECURITY MUTUAL LIFE INSURANCE COMPANY, APPELLANT, V. BUD GILLIAM, APPELLEE.

10 N. W. (2d) 670

FILED JULY 23, 1943. No. 31625.

*Edwin F. Myers,* for appellant.

*Ross G. Moore, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL and WENKE, JJ., and TEWELL, District Judge.

CHAPPELL, J.

A bill of particulars was filed by plaintiff in a justice of the peace court for Custer county, Nebraska, seeking recovery from defendant upon a promissory note allegedly given for necessaries, the premium on a life insurance policy, of which his mother was beneficiary. Defendant answered that he was a minor, 20 years of age, and that the note was not given for necessaries. Plaintiff filed a motion for judgment on the pleadings, relying upon section 44-804, Comp. St. Supp. 1939. After hearing upon the bill of particulars, answer, motion, and evidence, the justice court found for defendant and dismissed the case. Plaintiff filed a transcript from the justice court on appeal to the district court in due time, but upon examination of the transcript filed in this court we discover that plaintiff failed to file an appeal undertaking as required by section 21-1302, Comp. St. 1929. Thereafter plaintiff filed a petition on appeal in the district court and defendant answered. Plaintiff then filed a motion for judgment on the pleadings, and defendant filed a motion to dismiss for the reason that the district court was without jurisdiction of the subject-matter. The trial court on appeal heard these motions, and on November 17, 1942, dismissed the action.

Plaintiff appeals therefrom to this court, contending that the trial court erred in holding that it had no jurisdiction of the subject-matter.

Section 21-1302, Comp. St. 1929, provides: "The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned: First. That the appellant will prosecute his appeal to effect and without unnecessary delay; Second. That if judgment be adjudged against him on the appeal,

he will satisfy such judgment and costs. Such undertaking need not be signed by the appellant."

This court said in *People's Building, Loan & Savings Ass'n v. Cook,* 63 Neb. 437, 88 N. W. 763: "A case removed to the district court from a judgment of a justice of the peace, is rightly dismissed if the appellant, by reason of his own laches, failed to file an appeal bond within the time limited by statute for that purpose." Likewise, in *School District No. 6, Cass County, v. Traver,* 43 Neb. 524, 61 N. W. 720: "The statute is mandatory. The giving of the appeal bond is essential to confer jurisdiction of the cause upon the appellate tribunal." See, also, *Hier v. Anheuser-Busch Brewing Ass'n,* 52 Neb. 144, 71 N. W. 1005; *Taylor Dairy Products Co. v. Owen,* 139 Neb. 603, 298 N. W. 332; *Greb v. Hansen,* 123 Neb. 426, 243 N. W. 278. Since the furnishing of an appeal undertaking is a condition precedent to the jurisdiction of the appellate court, the objection may be raised at any time in any appropriate manner. See 4 C. J. S. 968-969, sec. 502.

In *Steven v. Nebraska & Iowa Ins. Co.,* 29 Neb. 187, 45 N. W. 284, relied upon by appellant, an appeal bond was filed as required by law; therefore, it is not a controlling precedent in the case at bar.

There are other assignments of error which we do not find it necessary to discuss in this opinion.

The trial court properly dismissed the action, and the judgment is affirmed.

AFFIRMED.