IN RE APPRAISAL OF SCHOOL LAND LEASE NO. 77255.
SAM JACOBITZ ET AL., APPELLANTS, v. WILMA BUSSINGER,
APPELLEE.

138 N. W. 2d 839

Filed December 24, 1965. No. 36006.

Nelson, Harding & Acklie and Charles J. Kimball, for appellants.

Arthur A. Weber, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

This is an appeal from a judgment of the district court dismissing an appeal from an appraisement of improvements on certain school lands in the County of Rock, Nebraska.

The appraisal was filed with the county court on January 16, 1964. Notice of appeal was filed on February 14, 1964, and on the same date the appellants attempted to file a bond on appeal, and also deposited a check in the amount of the appraisement. The county judge did not approve the bond at the time it was tendered. He advised the appellants that he was not sure of the requirements as to the bond, but that he would contact the Attorney General of Nebraska in order to clarify the bond requirements, apparently as to required equities and whether a corporate surety was required. The county judge advised the appellants on February 14 that the check would act as a sufficient bond on appeal until he received the clarification. The bond was signed on February 14, but it is not clear whether the signatures as sureties were on it at that time. On February 18, 1964, some of the appellants signed the bond on appeal additionally, and the date on the bond

itself is February 18. On February 19, 1964, the county judge received a reply from the Attorney General which he interpreted as permitting him to approve the bond, and on that date the county judge filed the bond on appeal. The bond was stamped as filed February 19. It contained the signatures of all three appellants as principals, the signatures of two of the appellants as sureties, and there were no other sureties.

The appellee filed a motion to dismiss the appeal because it had not been made according to law. At the hearing on that motion, the appellants requested permission to file an amended and sufficient bond if the court should find the appeal bond filed was insufficient. The district court sustained the motion to dismiss the appeal, and this appeal followed.

Section 72-240.06, R. S. Supp., 1963, provides in part: "(2) Either the former lessee or the new lessee may, if he is dissatisfied with the appraisement, within thirty days after the filing thereof, appeal therefrom to the district court of the county in which the land is situated, by filing a notice of appeal with the county judge. Thereafter all proceedings on appeal shall be had and conducted in the manner prescribed in sections 76-716 to 76-720."

Section 76-716, R. R. S. 1943, provides: "The party appealing shall also, at the time of filing of notice of appeal, enter into an undertaking, with at least one good and sufficient surety, to be approved by the county judge conditioned (1) that the appellant will prosecute such appeal to effect without unnecessary delays, and (2) that if judgment be rendered against appellant on the appeal, the appellant will satisfy whatever judgment may be rendered against him."

An undertaking on appeal is the equivalent of an appeal bond. It is the appellee's position that the appeal bond is jurisdictional, and was required to be filed within the time provided by statute, signed by at least one good and sufficient surety. The argument is that an ap-

pellant is not a competent surety for himself; that a bond having no valid surety, and bearing a filing date out of time, is not only insufficient and defective, but void; and, therefore, it is not subject to amendment or correction.

Ordinarily an appellant is not a competent surety for himself, but a bond signed by a principal, who also signs as the only surety, while it may be insufficient or defective or invalid as a bond, is not void for the purpose of determining whether jurisdiction on appeal is acquired.

In Rube v. Cedar County, 35 Neb. 896, 53 N. W. 1009, the appeal bond was apparently not signed by the appellant, but was signed only by the sureties. This court said: "This undertaking, although informal, is not void. The proceedings, while irregular, were sufficient to give the district court jurisdiction. The plaintiff in error appears to have acted in good faith and should have been given an opportunity to file a new and sufficient bond."

While the statute is mandatory in requiring an appeal bond in appeals from appraisals of improvements on school lands, and the bond must be filed within the time prescribed by statute, the filing date stamped on it, or the time the official records the formal filing, is merely prima facie evidence of the time it was received. As early as the case of Tootle, Farleigh & Co. v. White, 4 Neb. 401, it was held that: "If a mistake has been made in the date, to the prejudice of either party, it is the duty of the court to correct it, * * *." In that case, a transcript was left with a deputy clerk who was unable to state the date on which it was received. The transcript was endorsed: "Filed, January 28, 1875," but the plaintiff's attorney, by affidavit, stated he had left the transcript with the clerk on or about the 15th day of January. The court said: "The date of filing indorsed on a transcript, by the clerk, is merely prima facie evidence of the time at which it was received by him."

In the supplemental transcript here, the county judge certified that on February 14, 1964, the appellants at-

tempted to file the bond on appeal. It is clear that a form of appeal bond was delivered to the county judge on February 14, although the judge did not then approve it, or "file" it, or stamp a filing endorsement on it until February 19. Where the record shows that an appeal bond was delivered to the proper official within the time provided by law, a delay by the official, for his own reasons, in actually performing, entering, or recording the official filing should not prevent the district court from acquiring jurisdiction on appeal.

Section 25-853, R. R. S. 1943, provides in part: "The court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; * * *."

Ballantyne Co. v. City of Omaha, 173 Neb. 229, 113 N. W. 2d 486, specifically held that the right to amend an appeal bond was within the purview of this statute, and that if such a bond be found to be defective, it may be amended in the appellate court or a new bond may be filed.

In State v. Kidder, 169 Neb. 181, 98 N. W. 2d 800, this court said: "We conclude that a defective appeal bond which has been approved by the court rendering the judgment confers jurisdiction on the appellate court to have the defect corrected, and the appellate court is required to permit amendments of the bond or order the filing of a new bond in the furtherance of justice. Where a failure to so do results in prejudice to the complaining party it constitutes prejudicial error. The discretion granted a court in permitting or denying amendments is a legal discretion which is subject to review to determine if its exercise resulted in prejudice to a litigant."

In the case at bar, the appellants delivered a form of appeal bond in time. It is uncontradicted that the county judge specifically advised them that the check delivered to him at the same time would act as a suffi-

cient bond on appeal until he received clarification. This might well be treated as conditional approval, and a delay in satisfying himself as to approval should not be treated as also delaying or changing the time the appeal bond was delivered to him. The evidence is clear that the appellants were acting in good faith.

Under the circumstances here, it was the duty of the court to permit amendment of the bond, or order the filing of a new bond in the furtherance of justice, and the failure to do so was prejudicial to the appellants.

The judgment of the district court is therefore reversed and the cause remanded with directions to over-rule the motion to dismiss the appeal, and to grant the appellants the right to amend the bond on appeal, or to file a new bond on appeal.

REVERSED AND REMANDED WITH DIRECTIONS.