STATE OF NEBRASKA, APPELLEE, v. MILBOURNE W. MILLS,
APPELLANT.

140 N. W. 2d 826

Filed March 11, 1966. No. 36117.

Wade H. Ellis, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BRODKEY, District Judge.

CARTER, J.

Defendant was convicted in a justice of the peace court of Box Butte County on March 5, 1965, for operating a motor vehicle upon the public highways while under the influence of alcoholic liquor or drug. Defendant gave notice of appeal and filed an appeal bond. The State moved the court to dismiss the appeal for failure of the defendant to file a bond as required by law. The trial court sustained the motion and dismissed the appeal. The defendant has appealed from the order of the district court dismissing his appeal.

The bond filed by the defendant was conditioned that defendant "shall personally be and appear before The District Court, Box Butte County, Nebraska on the 27th

day of September 1965, at 10:00 o'clock A.M. of said day, and from day to day, and from term to term, until final judgment or as directed by said Court, until finally discharged, to answer the charge of Driving while under the influence of alcoholic liquor or drug and to do and receive what shall be enjoined by said Court upon him, and shall not depart said Court without leave."

The statute providing the terms and conditions for appeal in this type of case is 29-611, R. R. S. 1943. Insofar as material here, this section provides: "No appeal shall be granted or proceedings stayed unless the appellant, together with his surety or sureties, shall, within ten days after the rendition of such judgment, appear before such magistrate, and then and there enter into a written recognizance to the people of the State of Nebraska in a sum not less than one hundred dollars, with surety or sureties to be fixed and approved by the magistrate before whom such proceedings were had, conditioned for his appearance forthwith and without further notice, at the district court of such county, and from day to day thereafter until the final disposition of such appeal, to answer the complaint against him, and to abide the judgment of the district court and not depart therefrom without leave; * * *."

The appeal bond did not contain a surety. The bond was executed only by the defendant. In Zobel v. State, 72 Neb. 427, 100 N. W. 947, this court said in a case involving an appeal in a misdemeanor case: "If the sureties alone attempted to enter into a recognizance for defendant's appearance in the appellate court, it can hardly be doubted that the failure of the defendant to become a party thereto would invalidate the attempted appeal, and we cannot see any good reason, on the other hand, for disregarding the plain statutory provision as to sureties and holding that a recognizance is sufficient and in compliance with the statute when entered into by the defendant alone. Both provisions seem equally bind-

ing and mandatory, and a failure to comply with one would be as fatal as would be the failure to comply with the other. * * * The question is, has such a recognizance been entered into as the statute says must be given as a condition to the right of an appeal? May a defendant have more time or give a recognizance in a less amount than is provided by section 324, or give one without the sureties as therein provided? The answer, as has been indicated, must, we think, be in the negative."

The appeal bond in the instant case is defective in that it contains no surety. The trial court so found. The ruling of the court is correct.

The defendant asserts, however, that the trial court erred in not offering him an opportunity to file a proper bond. The difficulty with defendant's position is that he made no request for leave to file a sufficient bond. For aught the trial court knew defendant could not provide such a bond, or elected to stand on the bond filed. The trial court committed no error in this respect for the simple reason that defendant gave it no opportunity to pass on the question. It is a fundamental rule that to make error in a trial available for a reversal in the appellate court it should be called to the attention of the district court and be affirmatively shown on the record for review. Parker v. State, 164 Neb. 614, 83 N. W. 2d 347; Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533, 169 A. L. R. 868.

It is argued that section 29-901, R. R. S. 1943, permits a deposit of cash in lieu of a written bond with sureties and that such statute is applicable to an appeal under section 29-611, R. R. S. 1943. Defendant states in effect that he deposited $200 in cash in addition to the written bond. The record before us does not sustain such a factual situation. There is no bill of exceptions in this case. We are bound by the record contained in the transcript since it denotes absolute verity.

The transcript shows that the complaint was filed in the justice of the peace court on February 23, 1965. De-

fendant was brought into court and arraigned. He entered a plea of not guilty. Bond was set at $200, and furnished. The case was set for trial on March 5, 1965. Defendant appeared with his attorney for trial on that day. The transcript further shows "Bond for appearance refunded to Defendant." A notation in the transcript shows the appearance bond was refunded on March 5, 1965, by check numbered 1557. We find nothing else in the record which even remotely refers to a cash bond being provided in the furtherance of the appeal to the district court. The transcript does not sustain the conclusion of fact asserted by the defendant that defendant provided a cash bond in addition to the written bond containing no surety.

Defendant contends that the state may not question the regularity or validity of the bond 30 days after the transcript is filed in the district court. The filing of an appeal undertaking, as provided by section 29-611, R. R. S. 1943, is a condition precedent to the jurisdiction of the appellate court. The bond being jurisdictional, objection to its validity may be raised at any time in any appropriate manner. Security Mutual Life Ins. Co. v. Gilliam, 143 Neb. 673, 10 N. W. 2d 670.

The conclusions reached make it unnecessary to discuss other errors assigned. For the reasons herein stated, the judgment of the district court is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion for the reason that the case is decided on an issue which was not raised in the district court for what I think is an obvious reason. I refer to the fact that the majority opinion is predicated on the fact that an appearance bond in the case purports to have no surety.

I call attention to the following provision of section 29-611, R. R. S. 1943, covering appeals in minor criminal offenses: "Provided, that the party appealing may in lieu of such undertaking deposit with the clerk of such

court *a cash bond in a sum* to be fixed by the magistrate but not less than one hundred dollars; *and such cash bond shall be accepted in the cause, upon the same conditions and with like effect as undertakings hereinbefore set out,* such cash bond to be returned upon the fulfillment of the conditions of the bond. The magistrate from whose judgment the appeal is taken shall forthwith make return of the proceedings had before him, and shall certify the complaint and the warrant together with all such recognizances to the district court, * * *." (Italics supplied.)

It is true, the record does not specifically state that a cash bond was filed herein, and if one was filed the appellant's attorney should have had the record reflect that fact. Appellant's brief, which of course is not a part of the record, does state: "A Motion To Quash and Plea In Abatement were filed in the Justice Court on March 5, 1965, overruled and thereafter, on the same date, a plea of not guilty was entered; trial was held, the Defendant, Appellant, offered no evidence, was found guilty and gave immediate oral and written notice of appeal and simultaneously posted a $200.00 cash bond for his appearance in the District Court of Box Butte County, Nebraska. This Bond was taken, acknowledged, subscribed and approved by the Honorable N. T. Johnstone, Justice of Peace, Lake Precinct, Box Butte County, Nebraska."

The motion filed in the district court by the county attorney to dismiss the appeal for the insufficiency of the bond gave as the only reason therefor that the bond was conditioned "that the defendant shall personally appear before the District Court, Box Butte County, Nebraska, on the 27th day of September, 1965" rather than *forthwith* as required by law, and urges that this is jurisdictional and the bond is therefore void. No mention of any nature is made in his motion that no surety was furnished.

From the record it is apparent that the decision of the

trial court was predicated on the point raised in the motion. On this point, it would be my opinion that under our cases there is a substantial compliance with the statute.

The justice of the peace approved the bond in its present form and the county attorney did not raise any question relative to the fact that no surety was furnished. It is apparent that they acted as they did because they were aware that a cash bond had been furnished as suggested in the appellant's brief. While I admit that the burden was on the appellant to see that the notation that a cash bond had been filed was included in the transcript of the justice, it does not appear to me that we should decide the case on that point when there must have been some reason why so obvious a point would not have been raised in the lower court.

I call attention also to the fact that the majority opinion will result in a different rule for appeal bonds in criminal and in civil cases. See Jacobitz v. Bussinger, *ante* p. 524, 138 N. W. 2d 839.

I am authorized to say that Boslaugh, J., joins in this dissent.