RALPH GEBHART ET AL., APPELLEES, V. TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC., APPELLANT.

149 N. W. 2d 41

Filed March 3, 1967. No. 36479.

Frederick E. Wanek, for appellant.

Herbert L. Jackman and William S. Padley, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an eminent domain action.

Defendant, Tri-State Generation and Transmission Association, Inc., brought an action in the county court of Perkins County, Nebraska, to acquire a right-of-way for an electric transmission line over and across the farm of plaintiffs. Appraisers were duly appointed and

qualified and, after hearing, entered an award in favor of plaintiffs. Plaintiffs appealed to the district court from the award made by the appraisers, gave bond, and caused a transcript to be filed in the district court. Thereafter, the defendant gave notice of appeal to the district court and caused a transcript to be filed therein, but did not file a bond on appeal. Plaintiffs' petition and defendant's answer were thereupon filed in the district court. Thereafter, on motion of plaintiffs, plaintiffs' appeal was dismissed by the court. The court then dismissed the appeal of defendant.

Defendant appeals to this court and assigns as error first, the dismissal of plaintiffs' appeal and second, the dismissal of defendant's cross-appeal.

Regarding the voluntary dismissal by plaintiffs of their appeal, it is well settled that a plaintiff may enter a dismissal as a matter of right at any time before final submission of the case. Giesler v. City of Omaha, 175 Neb. 706, 123 N. W. 2d 650; § 25-601, R. R. S. 1943.

Defendant contends that its cross-appeal could not be dismissed without its consent. Plaintiffs, in reply, state that an appeal was not completed by defendant because of its failure to post appeal bond as provided by section 76-716, R. R. S. 1943. It will be noted that although pleadings had been filed following the appeal to the district court, defendant filed an answer, but nothing in the nature of a cross-petition. Ordinarily, when an action is pending in the district court a dismissal of the petition, or of plaintiffs' action, dismisses the entire cause except where something in the nature of a set-off or counterclaim has been presented by defendant as contemplated in section 25-603, R. R. S. 1943. No such pleading appears in this cause. It is apparent that dismissal of plaintiffs' petition on appeal resulted in a dismissal of the entire cause unless a valid cross-appeal had been perfected by defendant. It is, therefore, necessary to examine the nature of a so-called cross-appeal. What is a cross-appeal? Essentially it is simply an

appeal perfected by a second party to the action subsequent to a prior appeal by an adverse party. This being true, it would not appear that there was anything in the nature of a cross-appeal which would dispense with the formalities required on any given appeal. Section 76-716, R. R. S. 1943, requires: "The party appealing shall also, at the time of filing of notice of appeal, enter into an undertaking, * * *." Defendant, as a cross-appellant, was simply a "party appealing" within the purview of this statute and was not exempt from complying with its provisions. Had it so complied, it would have completed a separate appeal which would not have been subject to dismissal on dismissal of the plaintiffs' appeal. It is true that when the first appeal was completed, the court acquired jurisdiction of the cause and of the parties concerned, but defendant, not having filed a second appeal or anything in the nature of a cross-petition, jurisdiction of the entire cause was lost when the court sustained plaintiffs' voluntary motion for dismissal of their appeal and the court properly entered a further order of dismissal with reference to defendant's alleged cross-appeal.

The judgment of the district court is affirmed.

AFFIRMED.