H. H. NEUMEYER ET AL., APPELLEES, V. OMAHA PUBLIC POWER DISTRICT, A PUBLIC CORPORATION, APPELLANT.

198 N. W. 2d 80

Filed May 26, 1972.   No. 38253.

Fraser, Stryker, Marshall & Veach, for appellant.

Matthews, Kelley, Cannon & Carpenter, for appellees.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

COLWELL, District Judge.

Omaha Public Power District, appellant, hereafter called condemner, appeals a jury verdict and judgment of $10,072.50 in the district court for Douglas County, Nebraska, for a transmission line easement.   Condemner assigns as error:   (1) The district court had no jurisdiction because plaintiffs, H. H. Neumeyer and Esther Neumeyer, hereafter called condemnees, failed to secure approval of and file with the county judge their appeal bond within 30 days following the filing of the report of appraisers, contrary to section 76-715, R. R. S. 1943; and (2) the district court erred in overruling condemner's motion to dismiss on the grounds that condemnees

failed to file their petition on appeal within the 50-day period provided by law, and no good cause was shown for its late filing. We affirm the judgment.

A brief summary of the pleadings is necessary. The report of appraisers was filed in the county court on January 18, 1968; condemnees filed notice of appeal and affidavit of service of notice of appeal on January 30, 1968; corporate appeal bond in due form, dated February 16, 1968, was filed and approved on February 23, 1968, 36 days after the filing of report of appraisers; transcript filed in the district court on February 29, 1968; on March 15, 1968, condemner filed motion to dismiss for lack of jurisdiction because of the late filing of the appeal bond; on March 29, 1968, condemnees filed petition on appeal without leave of court; on April 1, 1968, condemner filed motion for nonsuit for filing petition more than 50 days after notice of appeal; on May 6, 1968, condemner filed motion for summary judgment; and on May 16, 1968, condemnees asked leave to file petition on appeal out of time. All of condemner's motions were denied. The issues were tried to a jury in May of 1971. Condemner preserved the asserted jurisdictional objections and appeals the judgment.

"The securing of an appraisal of damages by the appraisers appointed by the county judge is an administrative act as distinguished from a judicial proceeding. The method of appeal is procedural only and contemplates a complete new trial upon pleadings to be filed as in the case of an appeal from the county court. The present appeal statute contemplates the filing of pleadings and the framing of issues for the first time in the judicial proceedings in the district court." Jensen v. Omaha Public Power Dist., 159 Neb. 277, 66 N. W. 2d 591.

As to the first claimed error, this question has not been met directly since the present eminent domain statutes were enacted in 1951. However, two cases are close to the issue. In Jacobitz v. Bussinger, 179 Neb.

524, 138 N. W. 2d 839 (1965), the report of appraisers was filed on January 16, 1964, notice of appeal was filed on February 14, 1964, and on the same date an incomplete bond was tendered to the county judge who questioned its propriety. It was approved and stamped filed on February 19, 1964. This court said: "Where the record shows that an appeal bond was delivered to the proper official within the time provided by law, a delay by the official, for his own reasons, in actually performing, entering, or recording the official filing should not prevent the district court from acquiring jurisdiction on appeal." The court also stated: "While the statute is mandatory in requiring an appeal bond in appeals from appraisals * * * and the bond must be filed within the time prescribed by statute, the filing date stamped on it, or the time the official records the formal filing, is merely prima facie evidence of the time it was received." In Gebhart v. Tri-State Generation & Transmission Assn., 181 Neb. 457, 149 N. W. 2d 41 (1967), the plaintiffs therein gave notice of appeal and filed the required appeal bond, transcript of proceedings, and petition on appeal in the district court. The defendant gave notice of appeal, filed transcript of proceedings, and answer to petition on appeal in the district court, but filed no appeal bond. Plaintiffs dismissed their appeal and the district court dismissed defendant's appeal. This court, holding that the defendant had no pleading on file in the nature of a cross-petition, stated: "Section 76-716, R. R. S. 1943, requires: 'The party appealing shall also, at the time of filing notice of appeal, enter into an undertaking, * * *.' Defendant as a cross-appellant, was simply a 'party appealing' within the purview of this statute and was not exempt from complying with its provisions. Had it so complied, it would have completed a separate appeal which would not have been subject to dismissal on dismissal of the plaintiffs' appeal."

Jurisdiction "may be defined in law as the power to

hear and decide a legal controversy." Douglas County v. Vinsonhaler, 82 Neb. 810, 118 N. W. 1058.

"In construing a statute, the legislative intention is to be determined from a general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found, and the intent as deduced from the whole will prevail over that of a particular part considered separately." In re Application of Silberman, 153 Neb. 338, 44 N. W. 2d 595.

We first examine related statutes: "Either condemner or condemnee may appeal from the assessment of damages by the appraisers to the district court of the county where the petition to initiate proceedings was filed. Such appeal *shall be taken by filing a notice of appeal* with the county judge *within thirty days* from the date of filing of the report of appraisers as provided in section 76-710." § 76-715, R. R. S. 1943. (Emphasis supplied.) This section directs with clarity the manner of taking appeal, including the time and requirement of filing the notice. It is mandatory and jurisdictional. See Friedman v. State, 183 Neb. 9, 157 N. W. 2d 855.

"The party appealing from the award for assessment of damages by the appraisers in any eminent domain action *shall, within thirty days* of the filing of the award, *file a notice of appeal* with the county judge, specifying the parties taking the appeal and the award thereof appealed from, and *shall serve a copy of the same* upon all parties bound by the award or upon their attorneys of record." § 76-715.01, R. R. S. 1943. (Emphasis supplied.) This section restates the requirement of filing the notice set out in section 76-715, R. R. S. 1943, and further requires service of notice on the parties and counsel. Again, it is clear that this section is also mandatory and jurisdictional. See Radil v. State, 182 Neb. 291, 154 N. W. 2d 466.

Section 76-717, R. R. S. 1943, provides: "Within thirty days after the filing of such *notice of appeal,* the county

judge shall prepare and transmit to the clerk of the district court a duly certified transcript of all proceedings * * *. When *notice of appeal* is filed by both the condemner and the condemnee, such transcript shall be prepared only in response to the first notice of appeal; the transcript prepared in response to the second notice of appeal shall contain only a copy of such notice * * *." No reference is made to either the filing of an undertaking or including it in the transcript. In City of Seward v. Gruntorad, 158 Neb. 143, 62 N. W. 2d 537, relating to this section, it was held: "* * * we hold that the 50-day period for the filing of a petition in the district court on an appeal in eminent domain proceedings * * * begins to run with the date of the *filing of notice of appeal* in the county court." (Emphasis supplied.)

The statute in question here, section 76-716, R. R. S. 1943, provides: "The party appealing *shall also, at the time of filing of notice of appeal,* enter into an undertaking, with at least one good and sufficient surety, to be approved by the county judge conditioned (1) that the appellant will prosecute such appeal to effect without unnecessary delays, and (2) that if judgment be rendered against appellant on the appeal, the appellant will satisfy whatever judgment may be rendered against him." (Emphasis supplied.) Appellants are required to (1) execute an undertaking with surety and statutory conditions, (2) to do so at the time of filing notice of appeal, and (3) secure the approval of the county judge. These things are to be done in addition to the jurisdictional requirements of sections 76-715 and 76-715.01, R. R. S. 1943. The filing of the undertaking is not provided. There is no clear language relating the execution of the undertaking as a step necessary to vest the district court with jurisdiction and we think none was intended by the Legislature, rather jurisdiction in all eminent domain appeal statutes is keyed to the provision in section 76-715, R. R. S. 1943, that such "appeal

shall be taken by filing a notice of appeal."

We hold that sections 76-715 and 76-715.01, R. R. S. 1943, state the jurisdictional requirements for an appeal from the report of appraisers in eminent domain proceedings, and that section 76-716, R. R. S. 1943, is directory only. To hold otherwise would convert clear, brief language into a jurisdictional maze. Insofar as Jacobitz v. Bussinger, *supra,* and Gebhart v. Tri-State Generation & Transmission Assn., *supra,* hold that section 76-716, R. R. S. 1943, is mandatory and jurisdictional, they are overruled.

Relating to condemner's second claimed error, condemnees made as a showing of good cause for the late filing of the petition on appeal that condemners had on file a pending motion to dismiss condemnees' appeal for lack of jurisdiction. Where a discretionary duty is imposed upon a district court to determine whether or not good cause has been shown to grant leave to a party to plead out of time, its decision will not ordinarily be disturbed absent showing abuse of discretion. See Jensen v. Omaha Public Power Dist., *supra.* Condemnees did file their petition on appeal 9 days late. The trial court did not abuse its discretion.

There being no error in the proceedings we affirm the judgment.

AFFIRMED.

BOSLAUGH, J., concurring.

I concur in the opinion of the court except that I would not include *service* of the notice of appeal as a jurisdictional requirement.

McCOWN, J., joins in this concurrence.