COLE INVESTMENT COMPANY, A NEBRASKA CORPORATION, ET AL., APPELLANTS, V. CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

329 N.W.2d 356

Filed January 28, 1983. No. 81-734.

Woods, Aitken, Smith, Greer, Overcash & Spangler, for appellants.

William F. Austin, City Attorney, and Ernest R. Peo III, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

The plaintiffs appeal from an order of the District Court sustaining the motion of the defendant city to dismiss the plaintiffs' third amended petition.

On May 27, 1980, the plaintiffs filed their "claim" against the city, arising out of the construction of storm sewers in an industrial park pursuant to an executive order of the city authorizing the private construction of the sewers. The claim was denied by the director of finance in a letter to plaintiffs' counsel dated July 2, 1980, which was received by plaintiffs' counsel on July 7, 1980. A notice of appeal and bond were filed with the city clerk on July 8, 1980. A transcript was not requested by the plaintiffs until June 15, 1981, and was filed in the office of the clerk of the District Court on June 18, 1981.

The defendant's motion to dismiss alleged the trial court lacked jurisdiction of the appeal because a transcript of the proceedings before the city had not been filed as required by Neb. Rev. Stat. §§ 15-841 and 23-137 (Reissue 1977), and former Neb. Rev. Stat. § 27-1303 (Reissue 1964).

Neb. Rev. Stat. § 15-842 (Reissue 1977), relating to unliquidated claims against cities of the primary class, provides as follows: "In order to maintain an action for an unliquidated claim, other than a tort claim as defined in section 23-2402, it shall be necessary, as a condition precedent, that the party file in the office of the city clerk within thirty days from the time such right of action accrued a statement of the amount of the claim, giving full name of the claimant, the time, place, nature, circumstances, and cause of the injury or damage complained of. The procedure for the processing and disposition of an unliquidated claim shall be as provided in sections 15-840 and 15-841. No appeal bond shall be required of the city by any court in case of appeal by the city, and judgment shall be stayed pending such appeal."

Neb. Rev. Stat. §§ 15-840 and 15-841 (Reissue 1977) provide as follows: "All claims and accounts payable against the city shall be presented in writing and shall fully and accurately identify the items or services for which payment is claimed. The finance

director shall be responsible for the preauditing and approval of all claims and accounts payable, and no warrant in payment of any claim or account payable shall be drawn or paid without such approval. No claim exceeding the sum of one hundred dollars shall be allowed until published once in a daily newspaper published and of general circulation in the city."

"Any taxpayer of the city, after the allowance in whole or in part of any claim required to be published, or the claimant, after the disallowance in whole or in part of any such claim, may appeal therefrom to the district court of the county in which the city is situated by giving notice of such appeal to the city clerk within three days after such allowance or disallowance and filing with the city clerk within ten days after such decision, a bond in favor of the city, with good and sufficient sureties to be approved by such clerk, conditioned that the appellant shall prosecute such appeal to effect without unnecessary delay and pay all costs that may be adjudged against appellant. In an appeal by a taxpayer in case the claimant finally recovers judgment for as great a sum exclusive of interest as was allowed by the council, such appellant shall pay all costs of such appeal. In an appeal by a claimant in case claimant fails to recover as great a sum exclusive of interest as was allowed by the council, said claimant shall pay all costs. The procedure shall follow the procedure of appeals from the county board to the district court. No warrant shall issue for the payment of any such claim until the appeal is finally determined."

The defendant contends, and the trial court found, that the next to the last sentence of § 15-841 requires that a transcript be filed in the District Court within 30 days. The defendant argues that the language in the statute that "the procedure of appeals from the county board to the district court" adopts by reference the transcript requirement formerly re-

quired in appeals to the District Court from a justice of the peace court. See § 27-1303, repealed in 1972 by § 287 of L.B. 1032.

Section 23-137, relating to appeals from the county board to the District Court, provides for the preparation of a transcript by the clerk of the board, upon the payment of proper fees, and delivery of the transcript to the clerk of the District Court by the clerk of the board. The statute then provides, "and such appeal shall be *entered*, tried, and determined the same as appeals from justice courts . . . ." (Emphasis supplied.) No such language appears in § 15-841.

Section 15-841 provides that a claimant may appeal "by giving notice of such appeal . . . and filing . . . a bond . . . ." We think the reference to "procedure" in § 15-841 relates to matters occurring after the appeal has been perfected and jurisdiction has vested in the District Court.

*Neumeyer v. Omaha Public Power Dist.,* 188 Neb. 516, 198 N.W.2d 80 (1972), involved an appeal in a proceeding in eminent domain. The relevant statute, Neb. Rev. Stat. § 76-715 (Reissue 1981), provided that an "appeal shall be taken by filing a notice of appeal . . . ." We held that the notice of appeal and service of the notice upon all parties bound by the award were jurisdictional, but that the undertaking and transcript were not jurisdictional requirements. We said at 520-21, 198 N.W.2d at 83: "Appellants are required to (1) execute an undertaking with surety and statutory conditions, (2) to do so at the time of filing notice of appeal, and (3) secure the approval of the county judge. These things are to be done in addition to the jurisdictional requirements of sections 76-715 and 76-715.01, R.R.S. 1943. The filing of the undertaking is not provided. There is no clear language relating the execution of the undertaking as a step necessary to vest the district court with jurisdiction and we think none was intended by the Legislature, rather jurisdiction in all eminent do-

main appeal statutes is keyed to the provision in section 76-715, R.R.S. 1943, that such 'appeal shall be taken by filing a notice of appeal.' ''

The order sustaining the motion to dismiss was erroneous. The judgment of the District Court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS.

WHITE, J., concurring.

While I concur in the result reached by the majority in this case, I find that I must take a moment to write separately. For reasons more specifically set out in my dissent in the case of *School Dist. No. 17 and Westside Comm. Schools v. State,* 210 Neb. 762, 316 N.W.2d 767 (1982), I believe that the court's continual reference to the requirement that appeals from an action by a city to the District Court must in some manner follow a section of the statutes applicable to justice of the peace courts, which no longer exist, is unsound. For that reason I concur in the result reached by the majority, but disagree with the need for making the distinction which the majority has made herein.

I am authorized to say that KRIVOSHA, C.J., joins in this concurrence.