STATE OF NEBRASKA, APPELLEE, V. TIM FEHNCKE, APPELLANT.

368 N.W.2d 497

Filed May 31, 1985.   No. 84-764.

Ronald Rosenberg of Rosenberg Law Offices, for appellant.

A. Eugene Crump, Deputy Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant, Tim Fehncke, appeals from a district court order affirming his county court jury trial conviction and sentence of 7 months in the county jail. We dismiss Fehncke's appeal because we determine that the record here does not show that Fehncke perfected his appeal to the district court from the county court. Since the district court was without jurisdiction, this court has no jurisdiction to hear the appeal from the district court.

On August 1, 1983, Fehncke, then a police officer in Columbus, Nebraska; was charged in a complaint with false reporting to a police officer with the intent to instigate an investigation of an alleged criminal matter or to impede the investigation of an actual criminal matter, a violation of Neb. Rev. Stat. § 28-907(1)(a) (Cum. Supp. 1984). The underlying facts of the case are those set out in a companion case, *State v. Cooley*, 217 Neb. 90, 348 N.W.2d 433 (1984). A special prosecutor was appointed on October 5, 1983. A jury trial was concluded on December 28, 1983, and a guilty verdict was returned on that same day.

The record shows that immediately after the sentencing of February 6, 1984, Fehncke's counsel stated to the court, "We would like to give notice of appeal." The special prosecutor, Fehncke's attorney, and the court then discussed the appropriate bond to be set. The court ultimately set the bond, on the same day in the same hearing, at $2,500, and defendant's counsel told the court a surety bond would be prepared.

Thereafter, the record does not show the filing of any notice of appeal, as required by Neb. Rev. Stat. § 24-541.02(1)(a) (Cum. Supp. 1982) (effective August 30, 1981), nor the depositing of any bond under Neb. Rev. Stat. § 29-611 (Reissue 1979) (effective January 24, 1973). As stated in *State v. Schroder*, 218 Neb. 860, 864-65, 359 N.W.2d 799, 803 (1984):

> The appeal in this case is grounded in Neb. Rev. Stat. §§ 24-541.01 (Cum. Supp. 1982) and 29-611 (Reissue 1979), each of which grants the right to appeal any county court final order or judgment and any judgment imposing a fine or imprisonment, or both, to the district court. The provisions of these statutes govern the exercise of that right. As such, that right to appeal is of a different nature than the constitutionally based right to a speedy trial, as evidence by our well-established rule that there must be compliance with the requirements set forth in a statute granting the right to appeal or this court gains no jurisdiction over the case. *Nicholson v. City of Bellevue*, 215 Neb. 540, 339 N.W.2d 758 (1983); *Whitehouse Energy Savers v. Hanlon*, 214 Neb. 572, 334 N.W.2d 802 (1983); *State v. Mills*, 179 Neb. 853, 140 N.W.2d 826 (1966).

Whatever practice was permitted under § 29-611 before August 30, 1981, an additional requirement for appeals to district court has been set out in § 24-541.02(1)(a), which requires that the appealing party must "[f]ile with the clerk of the county . . . court a notice of appeal." Necessarily such a notice, if it is to be filed, must be in writing. Therefore, in an appeal from a misdemeanor conviction in county court, where no notice of appeal was filed as required by § 24-541.02, and no bond was deposited as required by § 29-611, the district court lacked jurisdiction to hear an appeal from the county court and, therefore, the Supreme Court has no jurisdiction to hear

an appeal from the district court.

As stated above, the record in this case shows no compliance with the requirements of either § 24-541.02 or § 29-611. The point that appellant had not filed a notice of appeal was raised by the appellee's brief. No reply brief nor any supplements to the record were filed.

Fehncke's appeal is dismissed. The district court lacked jurisdiction to hear the appeal from the county court and, therefore, this court lacks jurisdiction to hear the appeal from the district court.

APPEAL DISMISSED.