EMMA (JANICEK) RADIL, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

154 N. W. 2d 466

Filed November 24, 1967.    No. 36642.

Vogeltanz & Kubitschek, for appellant.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., and Ted L. Schafer, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from an order of the district court for Garfield County dismissing condemnee Radil's appeal from the award of the appraisers in a condemnation proceeding.

The manner of perfecting an appeal to the district court from an award by appraisers in a condemnation proceeding is fixed by section 76-715.01, R. R. S. 1943. This provision provides: "The party appealing from the award for assessment of damages by the appraisers in any eminent domain action shall, within thirty days of the filing of the award, file a notice of appeal with the county judge, specifying the parties taking the appeal and the award thereof appealed from, and shall serve a copy of the same upon all parties bound by the award or upon their attorneys of record. Service may be made by mail, and proof of such service shall be made by an affidavit of the appellant filed with the county judge

within five days after the filing of the notice stating that such notice of appeal was duly mailed, or after diligent search that the addresses of such persons or their attorneys of record are unknown." The foregoing statute was enacted in its present form in Laws 1965, chapter 454, section 1, page 1447, effective November 18, 1965.

The record shows that the return of the board of appraisers was filed with the county judge on June 23, 1966. The notice of appeal and undertaking were filed by the condemnee on July 11, 1966. On August 3, 1966, proof of service of a copy of the notice of appeal was filed showing that on August 1, 1966, a copy of the notice of appeal was mailed to the Department of Roads of the State of Nebraska. It is not disputed that a copy of the notice of appeal was not served on the Department of Roads within 30 days after the return of the board of appraisers, but was in fact served 8 days after the date required by section 76-715.01, R. R. S. 1943.

Section 76-715.01, R. R. S. 1943, provides that an appeal from the award of appraisers may be taken by filing a notice of appeal specifying the parties taking the appeal and the award appealed from, and serving a copy of the notice of appeal on all parties bound by the award within 30 days after the filing of the return of the appraisers. This is in addition to the undertaking required by section 76-716, R. R. S. 1943.

The right to appeal is statutory and the requirements of the statute are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of the action. Brown v. City of Omaha, 179 Neb. 224, 137 N. W. 2d 814. It is fundamental that an appellate court cannot pass on the merits of a case falling within its appellate jurisdiction unless its jurisdiction is invoked in the manner prescribed by statute. Barney v. Platte Valley Public Power & Irr. Dist., 144 Neb. 230, 13 N. W. 2d 120. In the instant case, the condemnee failed to serve a copy of the notice of appeal within the time fixed by section 76-715.01, R. R. S. 1943,

a mandatory step to invoke the jurisdiction of the district court on appeal. The appeal to the district court was not taken in the manner provided by the statute and, consequently, the district court was without jurisdiction to hear the merits of the purported appeal.

The condemnee contends that the amendment requiring that a copy of the notice of appeal be served on all parties bound by the award within 30 days after the filing of the appraisers' return is arbitrary, unreasonable, and capricious, and therefore unconstitutional. The condemnee does not point out any provision of the Constitution that the amendment contravenes. In Metropolitan Utilities Dist. v. City of Omaha, 171 Neb. 609, 107 N. W. 2d 397, we said: " '* * * before a law can be determined unconstitutional, the express provision of our constitution which the law contravenes must be pointed out.' State ex rel. Miller v. Bryant, 94 Neb. 754, 144 N. W. 804."

The former statute required the timely filing of a notice of appeal and the filing of an undertaking to lodge jurisdiction in the district court. The 1965 amendment added a further provision, a requirement that a copy of the notice of appeal be served on all parties bound by the award. These provisions are mandatory and must be complied with in perfecting an appeal to the district court. The language is clear and definite, and not arbitrary, unreasonable, and capricious within any constitutional provision or rule of law with which we are familiar. The failure to comply with the mandatory provision of the statute to serve a copy of the notice of appeal on the Department of Roads within 30 days after the filing of the appraisers' award is fatal to the acquiring of jurisdiction by the district court to hear the appeal.

The trial court came to this conclusion and its conclusion was correct. The judgment is affirmed.

AFFIRMED.