WILLIAM JAPP AND MARI JAPP, HUSBAND AND WIFE, ET AL., APPELLANTS, V. PAPIO-MISSOURI RIVER NATURAL RESOURCES DISTRICT, A POLITICAL SUBDIVISION OF NEBRASKA, AND DIAL REALTY DEVELOPMENT CORP., A NEBRASKA CORPORATION, APPELLEES.

716 N.W.2d 707

Filed July 7, 2006.    No. S-05-398.

LeRoy W. Sievers, Rodney M. Confer, Jocelyn Walsh Golden, and Kevin R. McManaman, of Knudsen, Berkheimer, Richardson & Endacott, L.L.P., for appellants.

Terry J. Grennan and Michael F. Scahill, of Cassem, Tierney, Adams, Gotch & Douglas, and Jeffrey B. Farnham, P.C., L.L.O., for appellee Dial Realty Development Corp.

Paul F. Peters, P.C., L.L.O., of Taylor, Peters & Drews, for appellee Papio-Missouri River Natural Resources District.

CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

The Papio-Missouri River Natural Resources District (PMRNRD) negotiated a purchase of land from Dial Realty Development Corp. (Dial) for the development of a reservoir

and dam. The board of directors of PMRNRD (Board) approved a resolution authorizing PMRNRD's general manager to execute an agreement with Dial for the project. The appellants, area landowners and taxpayers, filed a declaratory action against PMRNRD and Dial, seeking a declaratory judgment that the agreement violated procedures set forth in PMRNRD's policy manual and requesting an injunction preventing PMRNRD from using taxpayer moneys to support the project. During a hearing on the appellants' motion for a temporary restraining order, the district court dismissed the action due to the appellants' failure to meet the 30-day appeal requirement of Neb. Rev. Stat. § 2-3255 (Reissue 1997). The appellants filed this appeal, claiming that the 30-day appeal deadline of § 2-3255 does not apply under the circumstances and that the court erred in dismissing their complaint based on lack of jurisdiction. We agree, and reverse the judgment and remand the cause to the district court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

PMRNRD entered into negotiations with Dial to purchase from Dial a tract of land located west of 192d Street between Dodge and Blondo Streets in Omaha, Nebraska, for the development of a reservoir and dam (Dam Site 13). On November 18, 2004, despite opposition by several individuals, the Board approved a resolution authorizing PMRNRD's general manager to execute an agreement with Dial to build Dam Site 13. The general manager implemented the resolution by executing the agreement with Dial.

On March 11, 2005, William and Mari Japp, Todd and Jennifer Andersen, Larry and Carine Stava, Kenneth and Dianna Olson, and Jack and Susan Lorsch (collectively the appellants), all resident landowners and taxpayers within the PMRNRD, filed a complaint against PMRNRD and Dial. The appellants sought a declaratory judgment that the actions of PMRNRD violated the bidding procedures prescribed in PMRNRD's policy manual and violated Nebraska law as to the use of public funds for private purposes. The appellants also sought an injunction preventing PMRNRD from spending taxpayer funds on the Dam Site 13 project.

The appellants also filed a motion for temporary restraining order to prevent PMRNRD and Dial from entering into agreements for the purchase and development of Dam Site 13 and

spending taxpayer money in furtherance of such agreements. PMRNRD and Dial filed responses, claiming, in part, that the appellants' complaint and motion were barred by § 2-3255. At a hearing on the appellants' motion for temporary restraining order, the district court dismissed the action for lack of jurisdiction, citing the appellants' failure to appeal the decision of the Board within 30 days, as required by § 2-3255.

The appellants appeal the judgment of the district court.

## ASSIGNMENTS OF ERROR

The appellants assign, summarized, restated, and renumbered, that the district court erred in dismissing their action pursuant to § 2-3255 because (1) PMRNRD did not approve Dam Site 13 as an improvement project area and, thus, § 2-3255 does not apply; (2) even if § 2-3255 applies to Dam Site 13, the appellants chose to file a taxpayer lawsuit to prevent the illegal expenditure of taxpayer funds, which is separate from an appeal of a decision of the Board under § 2-3255; and (3) PMRNRD and Dial failed to establish when or if the Board's decision was entered by the secretary of the Board pursuant to § 2-3255.

■ The appellants also argue that the hearing was confined to the resolution of the appellants' motion for temporary restraining order and that thus, the appellants were not given an adequate opportunity to respond to and brief the issue of dismissal prior to the district court's order. However, the appellants failed to assign this argument as error, and thus, we will not address it. Errors argued but not assigned will not be considered on appeal. *Demerath v. Knights of Columbus*, 268 Neb. 132, 680 N.W.2d 200 (2004).

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *In re Guardianship of Sophia M., ante* p. 133, 710 N.W.2d 312 (2006).

## ANALYSIS

The Legislature created natural resources districts to oversee the conservation, protection, development, and management of Nebraska's natural resources. Neb. Rev. Stat. § 2-3201 (Cum.

Supp. 2004). A natural resources district, governed by a board of directors, has many purposes, including prevention of damages from flood water and sediment, flood prevention and control, water supply for beneficial uses, and drainage improvement and channel rectification. Neb. Rev. Stat. §§ 2-3213 and 2-3229 (Reissue 1997). The statutes that define the duties of a natural resources district distinguish between projects developed by the district that are determined by the board to be of general benefit to the district and those established as improvement project areas that involve projects that result in special benefits to property within the improvement project areas. Neb. Rev. Stat. § 2-3252 (Cum. Supp. 2004). Improvement project areas may be established and the projects authorized after a hearing by the board, as specified in Neb. Rev. Stat. §§ 2-3253 to 2-3255 (Reissue 1997 & Cum. Supp. 2004). See § 2-3252(2).

Section 2-3255, the statute at issue here, is titled "Improvement projects; apportionment of benefits; appeal" and states:

> From any order or decision of the board of directors of the natural resources district, an appeal may be taken to the district court by any person aggrieved . . . . Where the project area is confined to the limits of one county, the appeal shall be taken to the district court of that county. When such project includes lands in two or more counties, the appeal shall be taken to the district court of the county in which the largest portion of the land which is claimed to be affected adversely by the order or decision appealed from lies. The appeal must be taken within thirty days after such decision or order has been entered by the secretary of the board of directors.

The appellants argue that § 2-3255 applies exclusively to improvement project areas and that because Dam Site 13 was not approved as an improvement project area, § 2-3255 does not apply in this case. In contrast, PMRNRD and Dial assert that the appellants had an adequate remedy at law under § 2-3255 and, having failed to utilize that statutory remedy by appealing within 30 days of the entry of the Board's decision, the appellants cannot salvage their claim by seeking a declaratory judgment and injunction. PMRNRD and Dial do not dispute the appellants'

assertion that Dam Site 13 was not approved as an improvement project area.

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the trial court. See *Caspers Constr. Co. v. Nebraska State Patrol*, 270 Neb. 205, 700 N.W.2d 587 (2005). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Lamar Co. v. Omaha Zoning Bd. of Appeals, ante* p. 473, 713 N.W.2d 406 (2006).

In discerning the meaning of a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. It is the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *Shipler v. General Motors Corp., ante* p. 194, 710 N.W.2d 807 (2006). The appellees urge us to focus on the plain meaning of § 2-3255, which provides for an appeal "[f]rom *any* order or decision of the board of directors" (emphasis supplied), including decisions regarding general benefit projects. However, we cannot ignore the context in which § 2-3255 appears.

A court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. *In re Interest of Powers*, 242 Neb. 19, 493 N.W.2d 166 (1992). The components of a series or collection of statutes pertaining to a certain subject matter which are in pari materia may be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions of the act are consistent, harmonious, and sensible. *Shipler, supra.* The appellants assert that, reading § 2-3255 along with the statutory sections preceding it, the Legislature clearly intended § 2-3255 to apply solely to improvement project areas. We agree.

Section 2-3252(1) specifically addresses projects determined to be of general benefit to natural resources districts and provides that general benefit projects are to be carried out with "any available funds of the district, including proceeds from the district's tax levy." Sections 2-3252(2) through 2-3255 then provide

detailed requirements for establishing and funding special improvement projects, providing that each natural resources district may establish such areas to carry out projects that result in special benefits to property within the improvement project areas. Notably, subsection (2) of § 2-3252 states that improvement project areas may be established and the projects authorized after a hearing by the board of directors in the manner provided for by §§ 2-3253 to 2-3255. Thereafter, §§ 2-3253 and 2-3254 discuss the procedural process for establishing improvement project areas and apportioning benefits for the allocation of costs. Section 2-3254.01 follows, stating:

> When determining the apportionment of benefits under section 2-3254, the board shall also make a determination as to what portion of the project will result in special benefits to lands and property and such determination, if not appealed as provided in section 2-3255, shall be conclusive as establishing the authority of the district to levy special assessments and issue bonds and warrants for such project.

Sections 2-3254.02 to 2-3254.07 provide further direction regarding improvement project areas and are followed by § 2-3255, the statute at issue here. Section 2-3255 follows the multiple sections discussing improvement project areas, and furthermore, the only mention of the appeal provided under § 2-3255 in the statutory sections preceding § 2-3255 are in the context of improvement project areas.

Based on the statutory scheme employed by the Legislature and the placement of § 2-3255 within that scheme, we conclude that the appeal provided in § 2-3255 applies only to decisions involving improvement project areas. The statutory sections preceding § 2-3255 specify the manner in which landowners can propose an improvement project area and discuss their proposal at a hearing before the board of directors. In addition, the statutes set forth the process of apportioning benefits of a special project and conducting a meeting during which parties may object to the apportionment. The statutes go on to provide additional details regarding the financing of improvement project areas. Finally, the venue provisions *within* § 2-3255 refer to the "project area" in which the improvement is confined—an unmistakable reference to an improvement project area.

■ Given the specific procedural requirements for establishing improvement project areas and for apportioning benefits of the improvements, e.g., notice and hearing, we find it logical that the Legislature would then provide a specific manner through which to seek review of decisions made pursuant to those statutory sections. In other words, it is sensible that the Legislature would provide a specific appeal procedure from a decision regarding a specially confined, approved, and financed improvement project, but not extend that procedure to "decision[s]" regarding developments of a general benefit to the district, or a whole host of other issues, many of which may or may not require a hearing or notice to the public. Based on our review of the statutory scheme, we determine that the provisions of § 2-3255 are a mechanism for appeal solely from decisions or orders of a board of directors of a natural resources district regarding special improvement projects and are not applicable to decisions of the board that do not arise in the context of special improvement projects.

In this case, Dam Site 13 was not approved as an improvement project area, and thus, the appellants were not required to challenge the Board's decision under § 2-3255. We, therefore, conclude that the district court erred in dismissing the appellants' action for lack of jurisdiction under § 2-3255.

We do not express an opinion on the merits of the appellants' complaint or motion for temporary restraining order, as the district court did not render its judgment based on the merits. Having determined that the district court erred in dismissing the appellants' action for lack of jurisdiction based upon the appellants' failure to appeal under § 2-3255, we need not address the appellants' remaining assignments of error.

## CONCLUSION

Based on the foregoing, we reverse the judgment of the district court dismissing the appellants' complaint for lack of jurisdiction, and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WRIGHT, J., participating on briefs.

HENDRY, C.J., and STEPHAN, J., not participating.