REQUESTED BY: Bryan Tuma, Superintendent of Law Enforcement and Public Safety
The head of the Nebraska State Patrol ("Patrol") has asked for the opinion of this office as to the authority of the Patrol to issue administrative subpoenas to compel providers of electronic communication services in the state to disclose electronic records — specifically, subscriber information which does not include the content of communications — to the Patrol for use in ongoing investigations by that agency. The matter arises because a provider of electronic communication services to which the Patrol has directed such an administrative subpoena has questioned the authority of the Patrol to issue administrative subpoenas to obtain such non-content subscriber information. It appears that the Patrol has served the administrative subpoena on the provider in connection with an ongoing criminal investigation of possible felony violations by a subscriber to or customer of the provider.
In its opinion request the Patrol has set forth five specific questions relating to its authority to issue administrative subpoenas on which it seeks our opinion. We will address each of these questions in the order in which they have been presented to us.[1]
I.
"Does the Nebraska State Patrol have authority under Neb. Rev. Stat. § 81-119 to issue administrative subpoenas?"
It is, of course, a well-established principle that
[i]n discerning the meaning of a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. It is the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself.
Japp v. Papio-Missouri River Natural Resources District, 271 Neb. 968,973, 716 N.W.2d 707, 711 (2006).
Applying this principle of statutory construction to Neb. Rev. Stat. §§81-119 and 81-101 (2003), we conclude that the Patrol has authority under §§ 81-119 to issue administrative subpoenas. Section 81-119 provides that "[e]ach department created by section 81-101 shall have power . . . to make a thorough investigation into all the books, papers and affairs of any person, firm or corporation when in the judgment of such department such examination is necessary to the proper performance of its duties and the efficient enforcement of the laws. . . ." The statute goes on to give authority to the departments to summon and compel any person to testify under oath in connection with any such matter. In essence, § 81-119 allows the departments created by § 81-101 to issue what would amount to subpoenas duces tecum to compel testimony and the production of documents. In this context, such subpoenas have generally been referred to as "administrative subpoenas."
The Nebraska State Patrol is clearly a department created by § 81-101. A review of that statute reveals that the Patrol is specifically listed therein as one of the departments created to assist the Governor "in the execution and administration of the laws." Thus, under a plain and ordinary reading of §§ 81-119 and 81-101 it is clear that the Patrol has the authority to issue administrative subpoenas.
We recognize that § 81-119 has remained in its present form since at least 1929 and that the Patrol was added as a department created by § 81-101 only in 1981. 1981 Neb. Laws LB 541, § 4. We do not believe, however, that this fact excludes the Patrol from the authority given by § 81-119 to issue administrative subpoenas. Indeed, to the contrary, the fact that § 81-119 has not changed since at least 1929, while § 81-101 has been amended numerous times since then to reflect reorganizations within the Executive Branch of state government, suggests strongly that the Legislature intends the authority to issue administrative subpoenas contained in § 81-119 to apply to all departments created by § 81-101 no matter when such department may have been created. (For some examples of changes adding and deleting departments made to § 81-101 over the years see 1955 Neb. Laws ch. 329, § 4; 1973 Neb. Laws LB 563, § 16; 1991 Neb. Laws LB 58, § 2; 1996 Neb. Laws LB 1044, § 835.) Had it meant to deny any particular department listed in § 81-101 the authority to issue administrative subpoenas, the Legislature could easily have amended § 81-119 to reflect that intention.
Based on the foregoing, it is our opinion that the Patrol has the authority under § 81-119 to issue administrative subpoenas.
II.
"Is there any limitation on subject matter for subpoenas issued under Neb. Rev. Stat. § 81-119 (e.g. criminal, regulatory, internal affairs, etc.)?"
The only limitation on the issuance of administrative subpoenas contained in § 81-119 is that the "examination [be] necessary to the proper performance of [the department's] duties and the efficient enforcement of the laws." We see nothing in that section which limits the subject area of an administrative subpoena. There is no statutory language specifying that such subpoenas may be issued only in connection with criminal matters or regulatory matters or any other type of matter. It is, therefore, our opinion that the answer to the question presented is "no."
It must be kept in mind that § 81-119 states that the department proposing to issue an administrative subpoena must first make a reasoned judgment that the proposed "examination is necessary to the proper performance of its duties and the efficient enforcement of the laws." There do not appear to be any reported Nebraska court decisions or previous Attorney General's opinions addressing this requirement. The use of the word "necessary" in the statute, however, suggests strongly that a department should limit the issuance of administrative subpoenas to those instances where there is no other reasonable way to obtain the information sought and where such information is truly required in order for the department to perform its duties and efficiently enforce the laws over which it has jurisdiction. See, Webster's New Universal Unabridged Dictionary 1200 (2d ed. 1979) (in which the word "necessary," among other definitions, is said to be something that is "required"). Administrative subpoenas should not be issued merely because it is "convenient" to do so.[2]
III.
"Does Neb. Rev. Stat. § 86-2,106 authorize an administrative subpoena for electronic records, and more specifically, subsection (3)(a)(ii) for subscriber information which does not include content?"
Neb. Rev. Stat. § 86-2,106(3)(a)(ii) (Cum. Supp. 2006) reads as follows:
A provider of electronic communication service or remote computing service shall disclose a record or other information pertaining to a subscriber to or customer of such service not including the contents of communications covered by subsection (1) or (2) of this section to a governmental entity only when the governmental entity (A) uses an administrative subpoena, (B) obtains a warrant, (C) obtains a court order for such disclosure under subsection (4) of this section, or (D) has the consent of the subscriber or customer to such disclosure.
Section 86-2,106(3)(a)(ii) does not, in and of itself, grant authority to any "governmental entity" to issue administrative subpoenas. Rather, the statute is worded in such a way as to prohibit a provider of electronic communication service or remote computing service from disclosing non-content subscriber or customer information to a governmental entity unless the governmental entity presents the provider with an administrative subpoena, a duly-obtained warrant, a court order or the consent of the subscriber or customer.
While § 86-2,106(3)(a)(ii) does not go on to say that a provider of electronic communication service or remote computing service must comply with an administrative subpoena, warrant or court order and provide the records sought, such a provider would have the same obligation as any other citizen to obey any such subpoena, warrant or court order regular on its face and could be compelled to do so. This expectation is buttressed by the fact that Neb. Rev. Stat. § 86-2,106(5) (Cum. Supp. 2006) specifically bars any cause of action against a provider, its officers, employees or agents based upon the fact that it "provid[ed] information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, or certification under sections 86-2,104
to 86-2,110." In short, the provider is protected from liability if it complies with an administrative subpoena in accordance with § 86-2,106(3)(a)(ii).
As noted above, § 86-2,106(3)(a)(ii) does not serve as an independent grant of authority for a governmental entity to issue administrative subpoenas to obtain electronic records from a provider of electronic communication service or remote computing service. Where, however, a particular governmental entity has the authority to issue administrative subpoenas under a separate provision of law, § 86-2,106(3)(a)(ii) calls for the provider of the electronic communication service or remote computing service to produce the records and information sought by an administrative subpoena issued by that governmental entity, so long as the subpoena does not seek the content of communications of the subscriber or customer. If the governmental entity seeking the information does not have some separate authority to issue administrative subpoenas, it will have to obtain a warrant, court order or permission of the subscriber or customer in order to obtain the information sought.
We have opined above that the Patrol has separate statutory authority under § 81-119 to issue administrative subpoenas. Therefore, the Patrol may use such an administrative subpoena to obtain from a provider of electronic communication service or remote computing service the records or other information of a subscriber or customer, as described in § 86-2,106(3)(a)(ii).
IV.
"Are there limits on the subject matter obtainable with an administrative subpoena issued under Neb. Rev. Stat. § 86-2,106?"
From the discussion of this question contained in the Patrol's letter requesting this Attorney General's opinion, it appears that the inquiry is whether or not an administrative subpoena can be used to obtain subscriber or customer information from a provider of electronic communication service or remote computing service in any context other than a criminal investigation. In other words, could a governmental entity with the authority to issue administrative subpoenas use such a subpoena to obtain subscriber or customer information not for the purpose of criminal law enforcement, but, rather, for regulatory or civil enforcement of the laws?
There is nothing in § 86-2,106 which limits the use of administrative subpoenas under that statute to situations in which the issuing governmental entity is conducting a criminal investigation. Subsection (4) of § 86-2,106 states that in order to obtain a court order for disclosure of information under subsection (2) or (3) the governmental entity must show a reason to believe that the records or information sought "are relevant to a legitimate law enforcement inquiry." That subsection, however, does not purport to address the purpose for which an administrative subpoena may be issued by a governmental entity with authority to issue such subpoenas.
Moreover, even if an administrative subpoena for subscriber or customer information pertaining to electronic communications under § 86-2,106 could seek only information "relevant to a legitimate law enforcement inquiry," we see nothing in that term which would limit such "law enforcement inquiry" to a criminal law investigation. The definition of the term "law enforcement" found in Black's Law Dictionary 901 (8th ed. 1999) states that "law enforcement" is "[t]he detection and punishment of violations of the law. This term is not limited to the enforcement of criminal laws." (Emphasis supplied.) The legal dictionary gives as an example of enforcement of non-criminal laws the enforcement of national security laws, which may or may not be criminal in nature. There are, in other words, some violations of laws which are detected and punished by administrative and regulatory means, rather than through the criminal justice system.
Finally, it appears that if a department issues an administrative subpoena under § 81-119 because it is necessary to do so for "the proper performance of its duties and the efficient enforcement of the laws," it has necessarily determined that the information sought by the subpoena is "relevant to a legitimate law enforcement inquiry." Put another way: A department considering the issuance of an administrative subpoena under § 81-119 should not proceed to do so unless it has good reason to believe that the records or information sought are relevant to a legitimate effort to enforce the laws over which it has charge.
Accordingly, it is our opinion that there is no statutory limitation on the nature of the underlying inquiry (criminal, regulatory, administrative) in the context of which an administrative subpoena seeking subscriber or customer records or information under § 86-2,106(3)(a)(ii) is issued.
V.
"What is the enforcement mechanism for administrative subpoenas issued under either of the above mentioned statutes?"
The statutes referred to in this inquiry are assumed to be Ë 81-119 and 86-2,106(3)(a)(ii).
As discussed in connection with question III above, it is our opinion that § 86-2,106(3)(a)(ii) does not independently grant any governmental entity the authority to issue administrative subpoenas. Therefore, an administrative subpoena cannot be issued "under" that section. Rather, any such administrative subpoena issued by a governmental entity must be issued "under" some other provision of law granting the particular entity the authority to do so. In the case of the Patrol that provision of law is § 81-119.
Section 81-119 does not contain any provision for the enforcement of administrative subpoenas issued under that statute; and we have found no authority for departments issuing administrative subpoenas under § 81-119
to enforce those subpoenas on their own. Therefore, if a party to whom an administrative subpoena is directed refuses to comply, it appears that the department issuing such a subpoena will have to apply to a court of law for a judicial order requiring compliance with the subpoena.
This conclusion is supported by the Nebraska Supreme Court's opinion in Central States Foundation v. Balka, 256 Neb. 369, 378-79,590 N.W.2d 832,839 (1999), in which the court indicates that the enforcement of an administrative subpoena cannot occur without an opportunity for judicial review. In reaching this conclusion the court relied on federal court cases which hold that the search and seizure requirements of theFourth Amendment to the United States Constitution require such opportunity for judicial review before an administrative subpoena can be enforced and penalties for refusing to comply may be imposed.
We do not believe that Neb. Rev. Stat. § 86-2,114 (Cum. Supp. 2006) (referred to in the Patrol's letter) applies to administrative subpoenas. While that statute provides for court enforcement of subpoenas issued by the Attorney General or a county attorney, it appears to be limited to subpoenas issued pursuant to the provisions of Neb. Rev. Stat. §§86-2,111 through 86-2,113 (Cum. Supp. 2006) by those particular officials. There is nothing to suggest that § 86-2,114 comes into play when a department authorized to do so issues an administrative subpoena pursuant to § 81-119.
Conclusion
It is our opinion that the Patrol has authority to issue administrative subpoenas when it is necessary to do so for "the proper performance of its duties and the efficient enforcement of the laws." § 81-119. Such administrative subpoenas seeking non-content containing records and information of subscribers or customers may be directed to providers of electronic communication services in the state pursuant to § 86-2,106(3)(a)(ii). If a provider refuses to comply with an administrative subpoena, enforcement of the subpoena would be through an appropriate court of law. There appears to be no limit on the "subject matter" of an administrative subpoena issued under § 81-119 except that it must be necessary in order for the Patrol to perform its duties and efficiently enforce the law.
Sincerely yours,
JON BRUNING
Attorney General
Charles E. Lowe
Assistant Attorney General
Approved:
________________________
Attorney General
[1] It should be noted that our discussion is limited to the statutory authority of the Patrol to issue administrative subpoenas and the validity of such subpoenas seeking non-content subscriber information under the pertinent statutes. We have not been asked to opine as to any possible constitutional issues; and we offer no such opinions.
Additionally, we note that this opinion does not address the procedures to be used when governmental entities seek to obtain records which do contain the contents of electronic communications. These procedures are set forth in subsections (1) and (2) of Neb. Rev. Stat. § 86-2,106 (Cum. Supp. 2006).
[2] We note that the Patrol apparently has authority to enforce "the laws of the state relating to felonies." Neb. Rev. Stat. § 81-2004(1) (Cum. Supp. 2006). Thus, in the present context the Patrol would have authority to issue an administrative subpoena if such a subpoena is "necessary" in order to carry out its duties and efficiently enforce the law.