16 Neb. App. 336
JOHN WOODEN AND CONNIE WOODEN, HUSBAND AND WIFE, APPELLANTS,
v.
COUNTY OF DOUGLAS, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEE.
No. A-06-1163.
Court of Appeals of Nebraska.
Filed January 22, 2008.
William E. Pfeiffer, of Raynor, Rensch & Pfeiffer, for appellants.
Donald W. Kleine, Douglas County Attorney, and Bernard J. Monbouquette for appellee.
IRWIN, SIEVERS, and MOORE, Judges.
SIEVERS, Judge.
John Wooden and Connie Wooden appeal from the decision of the district court for Douglas County dismissing their appeal of condemnation proceedings commenced by the County of Douglas (County) for lack of subject matter jurisdiction. We affirm. Pursuant to our authority under Neb. Ct. R. of Prac. 11B(1) (rev. 2006), we have ordered this case submitted for decision without oral argument.

FACTUAL AND PROCEDURAL BACKGROUND
The factual background is unnecessary to the disposition of this case. Therefore, we limit our discussion to the procedural aspects of this case. The report and award of the appraisers was filed with the county court for Douglas County on August 17, 2005. On September 9, the Woodens filed with the county court their notice of intent to appeal the report and award of the appraisers to the district court. The Woodens filed their "Affidavit of Mailing of Notice" with the district court for Douglas County on September 21.
On July 20, 2006, the County filed a motion to dismiss the Woodens'"'pending legal action," alleging in part that the district court lacked subject matter jurisdiction. In an order filed September 19, the district court found that it did in fact lack personal and/or subject matter jurisdiction, and granted the County's motion to dismiss. The Woodens now appeal from the district court's order.

ASSIGNMENT OF ERROR
The Woodens allege, restated, that the district court erred in granting the County's motion to dismiss the Woodens' condemnation appeal to the district court.

STANDARD OF REVIEW
[1,2] When a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law, which requires an appellate court to reach a conclusion independent from that of the trial court. White v. White, 271 Neb. 43, 709 N.W.2d 325 (2006). When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. Roubal v. State, 14 Neb. App. 554, 710 N.W.2d 359 (2006).

ANALYSIS
[3,4] The manner of perfecting an appeal to the district court from an award by appraisers in a condemnation proceeding is fixed by Neb. Rev. Stat. § 76-715.01 (Reissue 2003). Radii v. State, 182 Neb. 291, 154 N.W.2d 466 (1967). Section 76-715.01 provides:
The party appealing from the award for assessment of damages by the appraisers in any eminent domain action shall, within thirty days of the filing of the award, file a notice of appeal with the court, specifying the parties taking the appeal and the award thereof appealed from, and shall serve a copy of the same upon all parties bound by the award or upon their attorneys of record. Service may be made by mail, and proof of such service shall be made by an affidavit of the appellant filed with the court within five days after the filing of the notice stating that such notice of appeal was duly mailed or that after diligent search the addresses of such persons or their attorneys of record are unknown.
The report and award of the appraisers was filed on August 17, 2005. The Woodens filed their notice of intent to appeal the report and award of the appraisers on September 9. Thus, the Woodens did file their notice of intent to appeal within 30 days of the filing of the award by the appraisers. However, the Woodens did not file their affidavit of mailing notice until September 21-12 days after the filing of the notice of appeal. Thus, the Woodens did not file their affidavit within 5 days after the filing of the notice of appeal as required by § 76-715.01.
[5-7] While compliance with the requirement of timely filing the affidavit of mailing notice pursuant to § 76-715.01 has not been the subject of prior appellate litigation in Nebraska, we find that such timely compliance is required. "The right to appeal is statutory and the requirements of the statute are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of the action." Radii v. State, 182 Neb. at 293, 154 N.W.2d at 468. And, "hilt is fundamental that an appellate court cannot pass on the merits of a case falling within its appellate jurisdiction unless its jurisdiction is invoked in the manner prescribed by statute." Id.

CONCLUSION
Because the Woodens failed to comply with the 5-day requirement of § 76-715.01 for timely filing the affidavit of mailing notice, neither the district court nor this court has subject matter jurisdiction over the action. The order of the district court dismissing the Woodens' appeal of the condemnation proceedings commenced by the County is hereby affirmed.
We do not address the Woodens' additional assignments and arguments, because they are not necessary to our analysis. See Jackson v. Brotherhood's Relief & Comp. Fund, 273 Neb. 1013, 734 N.W.2d 739 (2007) (appellate court is not obligated to engage in analysis which is not needed to adjudicate case and controversy before it).
AFFIRMED.