751 N.W.2d 151 (2008)
275 Neb. 971
John WOODEN and Connie Wooden, husband and wife, appellants,
v.
COUNTY OF DOUGLAS, a political subdivision of the state of nebraska, appellee.
No. S-06-1163.
Supreme Court of Nebraska.
June 27, 2008.
*152 William E. Pfeiffer, of Raynor, Rensch & Pfeiffer, Omaha, for appellants.
Donald W. Kleine, Douglas County Attorney, and Bernard J. Monbouquette for appellee.
HEAVICAN, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
*153 HEAVICAN, C.J.

INTRODUCTION
The Court of Appeals affirmed the district court's dismissal of John Wooden and Connie Wooden's appeal in this condemnation action.[1] The Woodens petitioned for further review of that decision. We reverse the decision of the Court of Appeals.

FACTUAL BACKGROUND
This case stems from a condemnation action commenced against the Woodens by Douglas County (the County). The report and award of the appraisers was filed with the Douglas County Court on August 17, 2005. On September 9, the Woodens filed with the county court a notice of intent to appeal the report and award to the district court. The record indicates that this notice was served upon counsel for the County by first class mail. Twelve days later, on September 21, the Woodens filed their "Affidavit of Mailing of Notice" with the district court. On October 31, the Woodens filed their "Petition on Appeal to District Court," as required by Neb.Rev.Stat. § 76-717 (Reissue 2003). The record indicates that this petition was also served upon counsel for the County by first class mail. On March 21, 2006, the petition was dismissed for lack of service of a summons pursuant to Neb.Rev.Stat. § 25-217 (Cum. Supp.2006).
A praecipe for service was then filed on June 2, 2006. Service was perfected on June 6, and the summons was returned on June 9. On July 20, Douglas County filed a motion to dismiss the Woodens' appeal, alleging that the district court lacked subject matter jurisdiction. On September 19, the district court granted the motion, concluding that it lacked jurisdiction. In dismissing the appeal, the district court cited, without further discussion, Neb.Rev. Stat. §§ 76-715 and 76-715.01 (Reissue 2003) and Neumeyer v. Omaha Public Power Dist.[2]
The Court of Appeals affirmed the district court's dismissal. The court noted that under § 76-715.01, a party appealing from the award for assessment of damages must file a notice of appeal within 30 days and also must serve that notice upon all other parties, with "`proof of such service... made by an affidavit of the appellant filed with the court within five days after the filing of the notice.'"[3] The Court of Appeals held that "compliance with the requirement of timely filing the affidavit of mailing notice pursuant to § 76-715.01 has not been the subject of prior appellate litigation in Nebraska," but found that "such timely compliance is required."[4] Since the Woodens did not file their affidavit of proof of service within 5 days, the Court of Appeals concluded that the district court lacked jurisdiction to hear the Woodens' appeal.

ASSIGNMENT OF ERROR
In their petition for further review, the Woodens argue that the Court of Appeals erred in affirming the district court's dismissal of their condemnation appeal.

STANDARD OF REVIEW
[1] A jurisdictional question which does not involve a factual dispute is determined *154 by an appellate court as a matter of law.[5]
[2] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[6]

ARGUMENT
The Woodens argue that the Court of Appeals erred in finding that the lack of timely filing of the affidavit of proof of service divested the district court of jurisdiction to hear their appeal. We agree.

Filing of Affidavit of Proof of Service.
[3] Because they are helpful to an understanding of the issues presented in this case, we first set forth the relevant statutory provisions dealing with the filing of an appeal in a condemnation action.
The right to appeal from an award for assessment of damages in an eminent domain action is set forth in § 76-715, which provides:
Either condemner or condemnee may appeal from the assessment of damages by the appraisers to the district court of the county where the petition to initiate proceedings was filed. Such appeal shall be taken by filing a notice of appeal with the county judge within thirty days from the date of filing of the report of appraisers as provided in section 76-710.
These requirements are expanded upon in § 76-715.01:
The party appealing from the award for assessment of damages by the appraisers in any eminent domain action shall, within thirty days of the filing of the award, file a notice of appeal with the court, specifying the parties taking the appeal and the award thereof appealed from, and shall serve a copy of the same upon all parties bound by the award or upon their attorneys of record. Service may be made by mail, and proof of such service shall be made by an affidavit of the appellant filed with the court within five days after the filing of the notice stating that such notice of appeal was duly mailed or that after diligent search the addresses of such persons or their attorneys of record are unknown.
Finally, § 76-717 provides:
Within thirty days after the filing of such notice of appeal, the county judge shall prepare and transmit to the clerk of the district court a duly certified transcript of all proceedings had concerning the parcel or parcels of land as to which the particular condemnee takes the appeal upon payment of the fees provided by law for preparation thereof. When notice of appeal is filed by both the condemner and the condemnee, such transcript shall be prepared only in response to the first notice of appeal. The transcript prepared in response to the second notice of appeal shall contain only a copy of such notice and the proceedings shall be docketed in the district court as a single cause of action.

The filing of the notice of appeal shall confer jurisdiction on the district court. The first party to perfect an appeal shall file a petition on appeal in the district court within fifty days after the filing of the notice of appeal. If no petition is filed, the court shall direct the first party to perfect an appeal to file a petition and impose such sanctions as are reasonable. The appeal shall be tried de novo in the district court. Such appeal shall not delay the acquisition of the property and placing of same to a public use if the condemner shall first deposit *155 with the county judge the amount assessed by the appraisers.
(Emphasis supplied.)
In concluding that the district court lacked jurisdiction, the Court of Appeals relied upon Radil v. State,[7] while the district court cited to Neumeyer v. Omaha Public Power Dist.[8] In both Neumeyer and Radil, this court held that the provisions of § 76-715.01 were mandatory. A closer examination of these cases, however, shows that they are both distinguishable from this case.
In Radil, the issue presented to the court was whether it was necessary for a notice of appeal to be filed and served upon the other party in a condemnation action. The precise question of whether the filing of the affidavit of proof of service was also mandatory was not presented to or decided by the court. And in Neumeyer, while we did note that the requirements of § 76-715.01 were mandatory, we did so in the context of holding that the requirements of § 76-716 (requiring the filing of an appeal bond) were directory.[9] Again, the issue of whether the filing of the affidavit of proof of service was jurisdictional was not presented or decided.
[4-6] What both the district court and the Court of Appeals overlook is language from § 76-717, which provides in relevant part that the filing of the notice of appeal confers jurisdiction on the district court. A court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme.[10] The components of a series or collection of statutes pertaining to a certain subject matter which are in pari materia may be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions of the act are consistent, harmonious, and sensible.[11] And when §§ 76-715, 76-715.01, and 76-717 are considered in light of each other, it is clear that the act which confers jurisdiction on the district court, and which is therefore mandatory, is the filing of the notice of appeal and, by extension, service of this notice.
Moreover, we note that two distinct acts occurring days apart cannot both be jurisdictional. And because the act which is mandatory and jurisdictional is the filing of the notice of appeal, we conclude that the Woodens' failure to timely file an affidavit of proof of service could not and did not divest the district court of jurisdiction. Instead, the timely filing of such an affidavit is directory. We find persuasive the reasoning of the Neumeyer court, which held that the filing of an appeal bond was directory rather than mandatory and that "to hold [that such was mandatory] would convert clear, brief language into a jurisdictional maze."[12]
The Court of Appeals erred in concluding that the district court lacked jurisdiction due to the Woodens' failure to file a timely affidavit of proof of service.

Service of Process.
[7] As noted, we conclude the district court did not lack jurisdiction as a result of the Woodens' failure to timely file an affidavit of proof of service. However, in addition to this reasoning, the district *156 court also concluded it lacked jurisdiction due to lack of service of process, i.e., the service of a summons. The Court of Appeals did not reach this issue given its conclusion with respect to the affidavit of proof of service. We consider the issue now, and reject the contention that the County was entitled to service of process in this case.
Pursuant to § 76-717, the first party perfecting an appeal must file a petition on appeal with the district court within 50 days after the filing of the notice of appeal. The record establishes that the Woodens filed such a petition on October 31, 2005, and that such was done in a timely manner. The record also indicates that counsel for the County was served by first class mail with this petition. However, this petition was dismissed on March 21, 2006, due to a lack of service of process. Service was eventually perfected by summons on June 6.
The County contends that it was entitled to service of process of the Woodens' petition. It further argues that the Woodens' October 31, 2005, petition was dismissed for lack of such service pursuant to § 25-217 and that by the time service of process was requested and perfected on June 6, 2006, it was too late.
The comment to Neb. Ct. R. of Pldg. in Civ. Actions 3 (rev.2003) states that a civil action is commenced by the filing of a complaint in "the office of the clerk of a proper court," while the comment to Neb. Ct. R. of Pldg. in Civ. Actions 4 (rev.2003) provides that service of process of such complaints should be made in accordance with the provisions of chapter 25, article 5, of the Nebraska Revised Statutes. And § 25-217 provides that an "action shall stand dismissed ... as to any defendant not served within six months from the date the complaint was filed." However, we conclude that such provisions relating to the commencement of an action and service of process of that action are inapplicable in this case.
Instead, the petition on appeal filed by the Woodens was not the commencement of a new action, but simply a continuation of the condemnation action filed by the County. The continuation of this action, and of the petition on appeal itself required by § 76-717, is therefore governed by the statutory scheme relating to condemnation actions.[13]
[8] Because the petition is merely a continuation of the County's condemnation action, it is not equivalent to a complaint under this court's rules of pleading. As such, the County was not entitled to service of process. We note, though, that the County was entitled to notice of the filing of such petition,[14] which the record indicates was given.
The district court's dismissal of the Woodens' appeal for lack of service of process was erroneous.

CONCLUSION
The Court of Appeals erred in concluding that the district court lacked jurisdiction over the Woodens' appeal. We therefore reverse the decision of the Court of Appeals and remand the cause to that court with instructions to remand the cause to the district court for reinstatement of the Woodens' appeal.
REVERSED AND REMANDED.
WRIGHT, J., not participating.
NOTES
[1] Wooden v. County of Douglas, 16 Neb.App. 336, 744 N.W.2d 262 (2008).
[2] Neumeyer v. Omaha Public Power Dist., 188 Neb. 516, 198 N.W.2d 80 (1972).
[3] Wooden v. County of Douglas, supra note 1, 16 Neb.App. at 338, 744 N.W.2d at 265.
[4] Id.
[5] Poppert v. Dicke, 275 Neb. 562, 747 N.W.2d 629 (2008).
[6] McClellan v. Board of Equal. of Douglas Cly., 275 Neb. 581, 748 N.W.2d 66 (2008).
[7] Radii v. State, 182 Neb. 291, 154 N.W.2d 466 (1967).
[8] Neumeyer v. Omaha Public Power Dist., supra note 2.
[9] Id.
[10] Japp v. Papio-Missouri River NRD, 271 Neb. 968, 716 N.W.2d 707 (2006).
[11] Id.
[12] Neumeyer v. Omaha Public Power Dist., supra note 2, 188 Neb. at 521, 198 N.W.2d 80, 198 N.W.2d at 83.
[13] Neb.Rev.Stat. §§ 76-701 to 76-726 (Reissue 2003 & Cum.Supp.2004).
[14] See. Neb.Rev.Stat. § 25-534 (Reissue 1995); Neb. Ct. R. of Pldg. in Civ. Actions 5 (rev.2003).