773 N.W.2d 381 (2009)
278 Neb. 763
SWIFT AND COMPANY, appellee and cross-appellant,
v.
NEBRASKA DEPARTMENT OF REVENUE, an agency of the State of Nebraska, and Douglas A. Ewald, Tax Commissioner, appellants and cross-appellees.
Gibbon Packing, Inc., appellee and cross-appellant,
v.
Nebraska Department of Revenue, an agency of the State of Nebraska, and Douglas A. Ewald, Tax Commissioner, appellants and cross-appellees.
Skylark Meats, Inc., appellee and cross-appellant,
v.
Nebraska Department of Revenue, an agency of the State of Nebraska, and Douglas A. Ewald, Tax Commissioner, appellants and cross-appellees.
O'Brien's Fine Sausage, appellee and cross-appellant,
v.
Nebraska Department of Revenue, an agency of the State of Nebraska, and Douglas A. Ewald, Tax Commissioner, appellants and cross-appellees.
No. S-08-1095, S-08-1096, S-08-1097, S-08-1098, S-08-1099.
Supreme Court of Nebraska.
October 23, 2009.
*383 Jon Bruning, Attorney General, and L. Jay Bartel, Lincoln, for appellants.
Michael L. Schleich and Timothy J. Thalken, of Fraser Stryker, P.C., L.L.O., Omaha, for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

INTRODUCTION
The Nebraska Department of Revenue (Department) and the Tax Commissioner appeal the decision of the Lancaster County District Court reversing the decision of the Department to deny appellees' requests for a refund. Appellees, four meatpacking plants, had paid sales taxes on cleaning services, then filed for a refund, which was denied by the Department. The district court reversed the decision of the Department, found that the regulation passed by the Department in its decision was beyond the scope of its power, and remanded for further proceedings. The Department and the Tax Commissioner appeal, and the appellees cross-appeal.

BACKGROUND
The Nebraska Legislature passed 2002 Neb. Laws, L.B. 1085, defining which "gross receipts" from services were subject to state sales tax. The law, which has been amended without substantive changes during the applicable time period and is now codified at Neb.Rev.Stat. § 77-2701.16(4) (Cum.Supp.2008), provides in pertinent part that "[g]ross receipts for providing a service means: (a) The gross income received for building cleaning and maintenance, pest control, and security."
After § 77-2701.16 was passed, the Department promulgated 316 Neb. Admin. Code, ch. 1, § 098.03A (2003) (Reg. 1-098.03A), defining the types of "cleaning and maintenance" covered by the statute as including "[c]leaning and maintenance of tangible personal property located in a building, and fixtures or any property annexed to real estate that is attached to, is a part of, or is enclosed in, a building[.]"
The four meatpacking plantsSwift and Company; Gibbon Packing, Inc.; Skylark Meats, Inc.; and O'Brien's Fine Sausage (hereinafter collectively the taxpayers)had contracts with two different sanitation services. Mossberg Sanitation, Inc., and Packers Sanitation Services, *384 LLC, provided specialized services to clean the packing plants and equipment in accordance with U.S. Department of Agriculture standards. All five contracts provided that the cleaning services would sanitize the industrial equipment in the packing plants, as well as clean other parts of the buildings.
The taxpayers paid sales taxes on those cleaning services and then filed for a refund, claiming that the cleaning contracts applied to the industrial equipment and therefore did not fall under the definition of "gross receipts" contained in the statute. Swift and Company claimed a refund of $442,240.76 for overpayments made between October 1, 2002, and April 30, 2004, and a refund of $538,454.38 for overpayments made on a second contract between April 1, 2003, and September 12, 2005. Gibbon Packing claimed a refund of $191,633.05, Skylark Meats claimed a refund of $102,092.05, and O'Brien's Fine Sausage claimed a refund of $52,749.35. The latter three companies' returns were claimed for the period between April 1, 2003, and September 12, 2005. The five cases were consolidated for appeal.
The Department denied the refund, citing the statute and Reg. 1-098.03A, which interpreted "gross receipts" as applying to all "tangible personal property" located within a structure. The taxpayers appealed the denial of their refund under the Administrative Procedure Act, see Neb. Rev.Stat. § 84-901 to § 84-920 (Reissue 2008). The district court found that Reg. 1-098.03A was an impermissible expansion of § 77-2701.16 and struck down Reg. 1-098.03A. The district court remanded the case to the Department to determine what cleaning activities should have been taxed. The Department and the Tax Commissioner appealed. The taxpayers cross-appealed, arguing that the district court did not have the authority to reverse and remand the case under § 84-917(6)(b) and that the portion of the order remanding the case should be vacated. We reverse the decision of the district court.

ASSIGNMENTS OF ERROR
The Department and the Tax Commissioner assign, consolidated and restated, that the district court erred when it reversed the decision of the Department denying the refund. The taxpayers cross-appeal, assigning that the district court erred when it remanded the case to the Department for further proceedings, because there was no factual dispute regarding the amount of the refund owed.

STANDARD OF REVIEW
Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the trial court.[1]
When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[2]
A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.[3]

*385 ANALYSIS
The Department and the Tax Commissioner argue that the district court erred when it reversed the Department's refusal of the taxpayers' refund requests, because Reg. 1-098.03A was a valid use of its powers. The Department and the Tax Commissioner claim that § 77-2701.16(4)(a) is broad enough to include the cleaning of tangible personal property located within the building and that Reg. 1-098.03A is a permissible clarification of the statute.
We first address the issue of whether Reg. 1-098.03A impermissibly expands the definition of services covered by § 77-2701.16(4)(a), and whether, therefore, the services rendered are not taxable. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[4]
It is well established that the Legislature has power to authorize an administrative or executive department to make rules and regulations to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law within designated limitations.[5] Agency regulations properly adopted and filed with the Secretary of State of Nebraska have the effect of statutory law.[6] However, an administrative agency cannot use its rulemaking power to modify, alter, or enlarge provisions of a statute which it is charged with administering.[7]
The question, therefore, is whether Reg. 1-098.03A was an impermissible expansion of the statute or merely a clarification of the statute. In support of their argument, the taxpayers point out that other statutes within the same section specifically mention tangible personal property. For example, § 77-2701.16(4)(d) taxes "[t]he gross income received for installing and applying tangible personal property if the sale of the property is subject to tax." And § 77-2701.16(4)(f) taxes "[t]he gross income received for labor for repair or maintenance services performed with regard to tangible personal property the sale of which would be subject to sales and use taxes ...."
The Department and the Tax Commissioner counter by arguing that the phrase "building cleaning and maintenance" is broad enough to encompass the cleaning of tangible personal property within a building and that Reg. 1-098.03A is a permissible clarification of § 77-2701.16(4)(a). The Department and the Tax Commissioner also argue that distinguishing the cleaning of tangible personal property from cleaning the building in which it is located is illogical, particularly in a case such as this, when cleaning the personal property is incidental to cleaning the building. In support of their argument, the Department and the Tax Commissioner note that none of the subject contracts distinguish between cleaning the building and cleaning the property located within the building.
In deciding the case in the taxpayers' favor, the district court reasoned that the Legislature had been specific about services regarding personal property in the past. The district court also noted that the cleaning services at issue were specialized cleaning services which had to be performed up to high standards and that *386 the type of sanitization services performed in these cases did not fall under the statute. Accordingly, the district court found that Reg. 1-098.03A exceeded the Department's scope of rulemaking authority.
No case law exists interpreting § 77-2701.16(4)(a). However, this court in Lackawanna Leather Co. v. Nebraska Dept. of Rev.[8] addresses the interpretation of Department regulations in the context of the statutes they are meant to clarify. In that case, the question was whether a variety of chemicals used in the leather-tanning process could be considered a "component part" of the leather.[9] We stated that the focus was on the function of the chemicals, because the question was one of sales and use tax. Essentially, the Legislature imposed either a sales or a use tax on each item of property sold. A product that becomes a component of an item sold is exempt from taxation. Because the chemicals did not become a part of the final product, but were instead used up during the process, they were not exempt from taxation. As we stated, "[a]n exemption from taxation is never presumed,"[10] and the same is true of the current case. We cannot presume that the highly specialized cleaning services involved in this case are exempt from taxation, nor can we presume that a contract for cleaning a building that also involves cleaning tangible personal property within the building is not taxable.
The Department and the Tax Commissioner concede that a contract for cleaning only tangible personal property would not be taxable under the statute, but insist that such was not the case here. We agree. The contracts generally do not distinguish between the "building" and the "tangible personal property" to be cleaned. The contract between Swift and Company and Mossberg Sanitation lists areas to be cleaned, including drive chutes, rails, skinning stands, eviscerating area, carcass wash area, back saws, tables, chutes, conveyors, floors, and lunchroom. The other contracts provide similarly, and the taxpayers admitted during oral argument that it would be impossible to meet U.S. Department of Agriculture regulations without both cleaning the building and cleaning the tangible personal property, although the taxpayers also insisted that separate cleaning contracts could be created.
In this case, we find that the Department did not exceed the scope of its rulemaking authority. Although other sections of the statute specifically mention personal property, those situations are distinguishable. As previously noted, subsections (4)(d) and (f) of § 77-2701.16 explicitly apply to "installing and applying tangible personal property" and "labor for repair or maintenance services performed." The installation of personal property and the repair and maintenance of personal property are entirely separate from the installation and/or the repair and maintenance of real property. The Department and the Tax Commissioner argued, and the taxpayers could not sufficiently refute, that cleaning personal property and cleaning the building in which the personal property is located are nearly indistinguishable in this case.
We also find Reg. 1-098.03A contemplates that the cleaning of tangible personal property must be incidental to cleaning the building. As pointed out by the Department, most cleaning contracts contemplate at least some cleaning of personal property located within the building. *387 Moreover, Reg. 1-098.03A shows it clearly contemplates that taxable cleaning and maintenance of tangible personal property be incidental and related to the cleaning and maintenance of the building and fixtures, which it was in this case. Therefore, we find that Reg. 1-098.03A did not exceed the Department's rulemaking authority and that the taxpayers are not entitled to a refund. Because we have reinstated the decision of the Department, we do not need to reach the taxpayers' cross-appeal.

CONCLUSION
We find that the Department did not go beyond its authority when it passed Reg. 1-098.03A and that it did not err when it denied the requests for a refund. Therefore, we find that the district court erred when it invalidated Reg. 1-098.03A, and we remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Japp v. Papio-Missouri River NRD, 271 Neb. 968, 716 N.W.2d 707 (2006).
[2] Lackawanna Leather Co. v. Nebraska Dept. of Rev., 259 Neb. 100, 608 N.W.2d 177 (2000).
[3] Id.
[4] Capitol City Telephone v. Nebraska Dept. of Rev., 264 Neb. 515, 650 N.W.2d 467 (2002).
[5] Robbins v. Neth, 273 Neb. 115, 728 N.W.2d 109 (2007).
[6] Id.
[7] Capitol City Telephone, supra note 4.
[8] Lackawanna Leather Co., supra note 2.
[9] Id. at 102, 608 N.W.2d at 180.
[10] Id. at 107, 608 N.W.2d at 184.